371 So.2d 1029 (1979)
STATE of Florida, Petitioner,
v.
James Benny YOUNG, Respondent.
No. 53829.
Supreme Court of Florida.
May 10, 1979.
Rehearing Denied July 9, 1979.
Jim Smith, Atty. Gen., and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for petitioner.
*1030 M. David Alexander, III, of Boswell, Boswell, Conner & Alexander, Bartow, for respondent.
ALDERMAN, Justice.
The District Court of Appeal, Second District, has certified to us its decision in State v. Young, 357 So.2d 416 (Fla. 2d DCA 1978), as passing upon a question of great public interest.
The question presented is whether the vehicular homicide statute, section 782.071, Florida Statutes (1975),[1] is the only statute under which a person who negligently causes the death of another by operation of a motor vehicle may be prosecuted or whether that person may be charged with violation of the manslaughter statute, section 782.07, Florida Statutes (1975).[2] This issue turns on whether the legislature, in promulgating the vehicular homicide statute, intended and did create a lesser included offense to manslaughter with a lesser standard of proof required for conviction. We find that the legislature did create a separate offense for vehicular homicide with a lesser standard of proof than is required for conviction under the manslaughter statute and that, therefore, the State may properly charge a defendant under the manslaughter statute for operating a motor vehicle in a culpably negligent manner which causes the death of a human being.
The defendant in the present case was charged with manslaughter in that by his own act, procurement, and culpable negligence and without lawful justification he killed another human being while operating his tractor-trailer in such a manner as to cause it to collide with the victim's automobile. The trial court dismissed the information for the crime of manslaughter with leave to the State to file another information alleging a violation of section 782.071. The district court agreed with the trial court that the State was required to proceed under the vehicular homicide statute and explained that, although the manslaughter statute has been construed to include negligent operation of an automobile resulting in death, the subsequently enacted vehicular homicide statute deals specifically with deaths resulting from negligent operation of automobiles. The district court rejected the argument that vehicular homicide is a lesser included offense of manslaughter with a lesser standard of proof and held that the standard of proof under the manslaughter statute was carried over into the vehicular homicide statute. For the reasons stated in our opinion in McCreary v. State, 371 So.2d 1024 (Fla. 1979), we conclude that vehicular homicide is a lesser included offense of manslaughter resulting from the operation of a motor vehicle, with a lower standard of proof. We, therefore, hold that in a prosecution for homicide arising out of the negligent operation of a motor vehicle, the State may elect to charge the defendant under the manslaughter statute. Accordingly, we quash the decision of the district court and remand for further proceedings consistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS and HATCHETT, JJ., concur.
BOYD, J., dissents with an opinion with which OVERTON and SUNDBERG, JJ., concur.
*1031 BOYD, Justice, dissenting.
The respondent was charged with manslaughter under section 782.07, Florida Statutes (1975), as a result of a collision between his tractor-trailer and a passenger car. Following the dismissal of its amended information, the state appealed to the district court. The trial court had held that the state was required to proceed under section 782.071, Florida Statutes (1975), the "vehicular homicide" statute, and the appellate court agreed.
The district court cited the principle of statutory construction that while statutes dealing with the same subject matter should be harmonized whenever possible, if a statute of general application conflicts with a statute of more specific application, the latter should prevail. Adams v. Culver, 111 So.2d 665 (Fla. 1959); Marston v. Gainesville Sun Publishing Co., 341 So.2d 783 (Fla. 1st DCA 1976). The court also correctly noted that an earlier penal statute must yield to a later one dealing with the same criminal activity yet providing a different penalty.
The court stated its conclusion that part of the impetus for the enactment of the vehicular homicide statute was the reluctance of juries to return verdicts of guilt against defendants charged with manslaughter arising out of the operation of a motor vehicle.[1] The state concedes that this consideration influenced the legislature but argues that the intent was for prosecuting authorities to be able to proceed under either statute, in their discretion, as the circumstances might require. I agree with the district court, which concluded that "[s]ince our legislature has determined a specific category of offense for vehicular homicide, we think this determination must govern and the state should be precluded from exercising prosecutorial discretion to charge a defendant under the general manslaughter statute."[2]
On rehearing, the district court rejected the state's arguments that vehicular homicide should be regarded as a lesser included offense of manslaughter, with a lower standard of proof. As the court below stated:[3]
Despite the semantic differences between our two Florida statutes, we find no articulable difference in the elements of proof required to establish guilt of the crimes therein proscribed... . We think that in enacting Section 782.071 the legislature intented [sic] to create a separate offense which requires the same standard of proof as is required under Section 782.07, but to impose a lesser penalty on those convicted for vehicular homicide.
The opinion of the court below should be approved and the decision affirmed.
OVERTON and SUNDBERG, JJ., concur.
NOTES
[1] Section 782.071, Fla. Stat. (1975), provides:

"Vehicular homicide" is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another. Vehicular homicide is a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
[2] Section 782.07, Fla. Stat. (1975), provides:

The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of this chapter, shall be deemed manslaughter and shall constitute a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
[1] The general manslaughter statute classifies the offense therein as a second-degree felony, while vehicular homicide constitutes a third-degree felony. The former is punishable by a maximum penalty of 15 years' imprisonment or a $10,000 fine or both. §§ 775.082(3)(c), .083(1)(b), Fla. Stat. (1975). The latter carries a maximum sentence of 5 years or $5,000 or both. Id. §§ 775.082(3)(d), .083(1)(c).
[2] State v. Young, 357 So.2d 416, 418 (Fla. 2d DCA 1978).
[3] Id. at 420.