395 So.2d 635 (1981)
STATE of Florida, Appellant,
v.
Ronald COPHER, Richard Copher, and Robert Copher, Appellees.
No. 80-959.
District Court of Appeal of Florida, Second District.
March 25, 1981.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellant.
Richard G. Pippinger of Barry A. Cohen, Tampa, for appellees.
BOARDMAN, Judge.
The State of Florida appeals the dismissal of the informations against appellees Ronald, Richard, and Robert Copher. We affirm in part and reverse in part.
The first point raised by the state is that the trial court erred in dismissing the charge of sale of a motor vehicle with an altered or destroyed motor number, in violation of section 319.33(1)(d), Florida Statutes (1977). Section 319.33(1)(d) provides:
(1) It is unlawful:
... .
(d) To sell or offer for sale in this state a motor vehicle on which the motor number or manufacturer's serial number has been destroyed, removed, covered, altered, or defaced with knowledge of such destruction, removal, covering, alteration, or defacement of said motor number or manufacturer's serial number... . (Emphasis added.)
*636 The charging language in the informations filed against appellees tracked the language of the statute alleging that they
did sell or offer for sale a motor vehicle, to-wit: [sic] a 1974 Pontiac Grand Prix motor vehicle, Identification number 2K57T4A149810, on which the motor vehicle or manufacturer's serial number has been destroyed, removed, covered, altered, or defaced with knowledge of such destruction, removal, covering, alteration, or defacement of said motor number or manufacturer's serial number
... .
Appellees moved to dismiss this charge on the ground that the informations failed to allege the essential element of intent to defraud, which, appellees urged, was implicitly required in order to distinguish a violation of section 319.33(1)(d), a felony,[1] from the misdemeanor of a violation of section 320.33,[2] which provides:
It is unlawful for any person to knowingly buy, sell, receive, dispose of, conceal or have in his possession any motor vehicle from which the manufacturer's serial number or any other distinguishing number or identification mark has been removed, defaced, covered, altered, or destroyed for the purpose of concealment or misrepresenting the identity of the said motor vehicle. (Emphasis added.)
The trial court rejected this contention, and we agree. As we read section 319.33(1)(d), this statute requires only knowledge of the alteration or destruction of the motor number. No specific intent to defraud is required, and there are reasons other than the deterrence of fraud which may have impelled the legislature to enact this statute. One such reason is illustrated by section 320.33, which requires the specific intent to conceal or misrepresent the identity of the motor vehicle. It is ironic that section 320.33, which proscribes, inter alia, the same conduct proscribed in section 319.33(1)(d), requires a specific intent not required under section 319.33(1)(d), yet imposes a less harsh penalty than section 319.33(1)(d); however, it is not our function to question the wisdom of our legislature. Austin v. Wainwright, 305 So.2d 845 (Fla. 4th DCA 1975), and Caves v. State, 302 So.2d 171 (Fla. 2d DCA 1974), cert. denied, 314 So.2d 585 (Fla. 1975), both of which involved the felony automobile theft statute versus the misdemeanor temporary unauthorized use statute, and upon which appellees rely, are not on point.
Having concluded that section 319.33(1)(d) does not require a specific intent to defraud, the trial court nevertheless granted appellees' motions to dismiss on the ground that where a defendant's conduct constitutes a violation of two separate statutes which proscribe the same conduct, the defendant is entitled to be charged with a violation of the statute carrying the lesser penalty. Not so. The law in this state is to the contrary.
The rule has always been that where two statutes proscribe the same conduct, the decision as to which statute to prosecute under is left to the prosecutor's discretion. Soverino v. State, 356 So.2d 269 (Fla. 1978); Fayerweather v. State, 332 So.2d 21 (Fla. 1976); Crews v. State, 366 So.2d 117 (Fla. 1st DCA), cert. denied, 376 So.2d 70 (Fla. 1979); State v. Harris, 334 So.2d 674 (Fla. 2d DCA 1976). In Hutcherson v. United States, 345 F.2d 964, 967 (D.C. Cir.), cert. denied, 382 U.S. 894, 86 S.Ct. 188, 15 L.Ed.2d 151 (1965), the court stated:
Hutcherson's next contention is that he was denied due process because he was indicted and convicted under federal statutes instead of under the D.C. Code. His point is that the offenses denounced by the federal and local statutes are identical and that the was entitled to be prosecuted *637 under the latter because the penalty for violating it is less severe than that provided by the federal statute. The theory is untenable. A defendant has no constitutional right to elect which of two applicable statutes shall be the basis of his indictment and prosecution. That choice is to be made by the United States Attorney. This was aptly stated by the Fifth Circuit in Deutsch v. Aderhold, Warden, 80 F.2d 677, 678 (1935):
"The United States attorney of the district where a violation of a federal statute occurs is charged with the duty of prosecution and vested with complete control over the proceedings, in the exercise of sound discretion. If the facts show a violation of two or more statutes, he may elect under which he will prosecute, in the absence of a prohibitory statute. * * *"
There being no prohibitory statute here, the prosecutor acted within his discretion in charging appellees under section 319.33(1).
The second issue before us is whether the trial court erred in dismissing a second count that charged appellee Robert Copher with making a false statement in a bill of sale on a motor vehicle, in violation of section 319.33(1)(e), Florida Statutes (1977), in that he "did make a false statement in a bill of sale for a motor vehicle, to-wit: [sic] did state a 1974 Pontiac Grand Prix motor vehicle, Identification number 2K57T4A149810, was a 1977 Pontiac motor vehicle, Identification number ID2J57Y7AB5140." Section 319.33 provides:
(1) It is unlawful:
(a) To alter or forge any certificate of title to a motor vehicle or any assignment thereof or any cancellation of any liens on a motor vehicle;
(b) To hold or use such certificate, assignment, or cancellation knowing the same to have been altered or forged;
(c) To procure or attempt to procure a certificate of title to a motor vehicle, or pass or attempt to pass a certificate of title or any assignment thereof to a motor vehicle, knowing or having reason to believe that such motor vehicle has been stolen.
(d) To sell or offer for sale in this state a motor vehicle on which the motor number or manufacturer's serial number has been destroyed, removed, covered, altered, or defaced with knowledge of such destruction, removal, covering, alteration, or defacement of said motor number or manufacturer's serial number;
(e) To use a false or fictitious name, give a false or fictitious address, or make any false statement in any application or affidavit required under the provisions of this law or in a bill of sale or sworn statement of ownership or otherwise commit a fraud in any application.
(2) It is unlawful for any person knowingly to obtain goods, services, credit, or money by means of an invalid, duplicate, fictitious, forged, counterfeit, stolen, or unlawfully obtained certificate of title, registration, bill of sale, or other indicia of ownership of a motor vehicle.
(3) It is unlawful for any person knowingly to obtain goods, services, credit, or money by means of a certificate of title to a motor vehicle, which certificate is required by law to be surrendered to the Department of Highway Safety and Motor Vehicles.
(4) It is unlawful for any person knowingly and with intent to defraud to have in his possession, sell, offer to sell, counterfeit, or supply a blank, forged, fictitious, counterfeit, stolen, or fraudulently or unlawfully obtained certificate of title, registration, bill of sale, or other indicia of ownership of a motor vehicle, or to conspire to do any of the foregoing.
(5) Any person who violates any provision of this section shall be guilty of a felony of the third degree... . (Emphasis added.)
Robert urged dismissal of this count on the ground that the information did not allege intent to defraud, which, on the face of the applicable statute, is an essential element of the offense. The trial court agreed, pointing out that to construe the statute otherwise would mean that anyone who accidentally included incorrect information *638 in a bill of sale would be guilty of violating the statute.
We agree with the trial court's reasoning and with its conclusion on this issue. As the trial court noted, an unintentional typographical error in a motor vehicle identification number or the street number of the seller's address would result in a factually false statement, and under the state's interpretation of section 319.33(1)(e), subject the seller to criminal felony liability. We are extremely reluctant to presume that our legislature intended to impose such a harsh penalty for an honest mistake.
Furthermore, a careful reading of the entire statute discloses a contrary intent. Although the itemization of specific falsities proscribed does not include the requirement that they be perpetrated with fraudulent intent, the catchall provision, "or otherwise commit a fraud," (emphasis added) implies that the specifically proscribed false statements must also be made with intent to defraud; there is no other explanation for the inclusion of the word "otherwise" in this phrase. Our conclusion is bolstered by the fact that all but one other subsection of this statute includes knowledge or knowledge and intent to defraud as an element of the proscribed offense. The single exception is subsection (1)(a), which prohibits alteration or forgery of a certificate of title or a lien cancellation. Inclusion of a knowledge requirement in this subsection would have been superfluous, since forgery and alteration cannot be done unintentionally. We therefore construe section 319.33(1)(e) to include intent to defraud as an element of the offense proscribed.
Since an information must allege each of the essential elements of a crime to be valid, State v. Dye, 346 So.2d 538 (Fla. 1977), the trial court correctly dismissed the second count against Robert Copher.
Accordingly, the trial court's orders granting the motions to dismiss of appellees Richard and Ronald Copher are reversed; the order granting appellee Robert Copher's motion to dismiss is affirmed in part and reversed in part; and the cause is remanded for further proceedings consistent with this opinion.
HOBSON, A.C.J., and DANAHY, J., concur.
NOTES
[1] Section 319.33(5) provides in pertinent part: "Any person who violates any provision of this section shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."
[2] Section 320.57 provides: "Any person convicted of violating any of the provisions of this chapter shall, unless otherwise provided herein, be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083."