405 So.2d 1015 (1981)
Edward James THOMAS, Appellant,
v.
STATE of Florida, Appellee.
Nos. ZZ-3, ZZ-4.
District Court of Appeal of Florida, First District.
October 20, 1981.
Rehearing Denied December 4, 1981.
Michael Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
*1016 Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Thomas appeals judgments and sentences for two incidents of burglary and second degree grand theft. Two informations were filed, one charging appellant with burglary and second degree grand theft with regard to the York residence, the second charging him with burglary and two counts of second degree grand theft with regard to the Whitmore residence. Both incidents occurred November 1, 1979. Two points are raised on appeal: (1) the trial court erred in denying appellant's motion for discharge under the speedy trial rule; (2) the trial court erred in imposing separate consecutive sentences for theft of property valued at more than $100 but less than $20,000, and theft of a firearm, pursuant to the second information.
Appellant was questioned with regard to these incidents on November 29, 1979, at which time he confessed to the crimes. At the time, he was being held in the Duval County jail on unrelated charges. Appellant was not arrested on the instant charges until September 2, 1980, and the trial took place November 4, 1980. We do not agree that appellant was taken into custody for purposes of the speedy trial rule on November 29, 1979, when he was questioned while being held on completely unrelated charges. The time began to run when he was arrested September 2, 1980, and therefore he was brought to trial within the time period prescribed in the speedy trial rule. Wiggins v. State, 384 So.2d 43 (Fla. 1st DCA 1980), and State v. N.B., 360 So.2d 162 (Fla. 1st DCA 1978), cert. denied, 383 So.2d 1199 (Fla. 1980), on which appellant relies, are distinguishable. We affirm on the first point. See State v. Stanley, 399 So.2d 371 (Fla. 3d DCA 1981); Giglio v. Kaplan, 392 So.2d 1004 (Fla. 4th DCA 1981).
The second information charged appellant with two counts of grand theft. One of the counts charged appellant with taking from the Whitmore residence on November 1, 1975, property, specifically fishing equipment, electronic video equipment, a clock, silver coins, and savings bonds, valued at over $100 but less than $20,000, in violation of Section 812.014, Florida Statutes. Another count charged appellant with theft from the same person on the same date, of a firearm, in violation of Section 812.014, Florida Statutes. Appellant was convicted of both counts of grand theft and received five year sentences on each count, to be served consecutively.
Reference to the text of Section 775.021(4), Florida Statutes, is required in order to place appellant's second argument in context. That section provides:
Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
Appellant argues that the consecutive sentences for theft of property valued at over $100 and theft of a firearm were erroneous because all of the items, including the firearm, were taken during a single criminal incident and both crimes are enumerated in the same criminal statute, thus Section 775.021(4) does not authorize separate sentences. Appellant does not argue that 775.021(4) is inapplicable because one of the offenses is a lesser included offense of the other. The determinative question, therefore, would seem to be whether the mandate of Section 775.021(4) extends to subsections of the same criminal statute.
There are cases which reveal that, under some circumstances, separate sentences have been imposed for violations of different provisions of the same criminal statute. For example, in Portee v. State, 392 So.2d 314 (Fla. 2d DCA 1980), separate sentences for sale and possession of cannabis were approved, since possession was not a lesser included offense of sale in that *1017 case. Both sale and possession are proscribed in Section 893.13 Florida Statutes. Section 893.13(1)(a) prohibits the sale of cannabis and Section 893.13(1)(e) prohibits possession of cannabis. In a previous opinion, Fundak v. State, 362 So.2d 295 (Fla. 2d DCA 1978), the Second District observed, in a footnote:
Section 775.021, Fla. Stat. (1977) requires separate sentencing for violation of two or more criminal statutes in the course of one transaction, excluding lesser included offenses. It would apply to the facts in the instant case because possession of marijuana was not a lesser included offense of sale of marijuana based upon the allegations in the information. Additionally, each of the two counts can be considered as arising out of a different statute because § 893.13(1)(a), Fla. Stat. (1977) and § 893.13(1)(e), Fla. Stat. (1977) are not interdependent. Each can be read to stand alone as a separate criminal violation.
Section 893.13(1)(a) and Section 893.13(1)(e) each contain a complete description of the offense, together with the applicable punishment. In contrast, the elements of the offense of theft are enumerated in Section 812.014(1). The subparts of Section 812.014(2) serve to distinguish certain types of property for the purpose of determining the degree of the offense and the applicable punishment. A reading of Section 812.014(2)(b)1 or Section 812.014(2)(b)3 in isolation would not provide a complete description of the offense.[1] Thus we are dealing with one offense, theft, as opposed to two distinct offenses, possession of cannabis and sale of cannabis. Section 775.021(4) does not apply to this situation to mandate separate sentences. Therefore, we agree with the view expressed by the Fifth District in Drakes v. State, 400 So.2d 487 (Fla. 5th DCA 1981), and hold that theft of a firearm and other property at the same time constitutes a single theft offense. This result is consistent with the views expressed in Hearn v. State, 55 So.2d 559 (Fla. 1951), and Joiner v. State, 382 So.2d 1357 (Fla. 1st DCA 1980).
The state urges that a recent United States Supreme Court case, Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), should apply to authorize separate sentencing in this case. A careful reading of that case does not lead us to a different conclusion. In Albernaz, consecutive sentences had been given for conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and conspiracy to import marijuana in violation of 21 U.S.C. § 963. It was important to the decision that there were "separate offenses with separate penalty provisions that are contained in distinct subchapters of the Act." 67 L.Ed.2d at 280. Unless distinct statutory provisions are involved, it is not appropriate to apply the legislative intent test of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1923). The Court in Albernaz did not repudiate the rationale of its decision in Braverman v. United States, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942). On the contrary, it distinguished Braverman from the situation before it because the conspiracy in Braverman, although it had many objectives, violated only one criminal statute. The Braverman court had said:
Since the single continuing agreement, which is the conspiracy here, thus embraces its criminal objects, it differs from successive acts which violate a single penal statute and from a single act which violates two statutes. ... The single agreement is the prohibited conspiracy and however diverse its objects it violates but a single statute, § 37 of the Criminal Code. For such a violation, only the single penalty prescribed by the statute can be imposed. (Citations omitted)
On the theory that the theft in this case violated only a single distinct statute, we vacate the consecutive five-year sentence *1018 imposed for second degree grand theft of a firearm. Drakes, supra, cf. Williams v. State, 397 So.2d 438 (Fla. 3d DCA 1981). In all other respects the judgments and sentences are
AFFIRMED.
McCORD and SHIVERS, JJ., and LILES, WOODIE A. (Retired) Associate Judge, concur.
NOTES
[1] We do not hold that under no circumstances can a defendant be convicted of more than one offense under Section 812.014(2)(b). The information and proof may show sufficient separation in time, place, and circumstances so that the taking of different items enumerated in that section constitutes separate criminal episodes. See Hearn v. State, 55 So.2d 559 (Fla. 1951).