428 So.2d 254 (1982)
William GETZ, Appellant,
v.
STATE of Florida, Appellee.
No. AG-117.
District Court of Appeal of Florida, First District.
August 23, 1982.
*255 Steven L. Bolotin, Asst. Public Defender, Tallahassee, for appellant.
Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant raises four points on this appeal from a judgment and sentences for one count of burglary of a structure, one count of burglary of a dwelling, one count of grand theft, and two counts of petit theft. We have carefully considered appellant's arguments with regard to the admission of certain allegedly inculpatory statements, exclusion of corroborative testimony, and admission of evidence of collateral crimes, and find no reversible error was committed with regard to those points which were adequately preserved for review.
Appellant's fourth point involves a potential sentencing error which merits further discussion. Under Count IV of the information, appellant was charged, convicted, and sentenced for grand theft of firearms belonging to a Mr. Nettles. Under Count V, appellant was charged, convicted, and sentenced to one day in county jail for petit theft of a calculator and a container of coins valued at less than $100, also from Mr. Nettles. These offenses allegedly occurred at the same time and place and under the same circumstances. Appellant argues, and the State agrees, that under a recent decision of this Court, Thomas v. State, 405 So.2d 1015 (Fla. 1st DCA 1981), the sentence for petit theft of Nettles' property must be vacated since both crimes are defined in the theft statute, Section 812.014, Florida Statutes. The State questions the correctness of the Thomas decision, particularly in light of a recent decision of the Florida Supreme Court, Borges v. State, 415 So.2d 1265 (Fla. 1982). The State asserts that, even though a single criminal statute is involved, Section 812.014, sentences for violations of separate subsections of the statute are not prohibited, see Section 775.021, Florida Statutes, unless double jeopardy is involved, and there is no double jeopardy problem in the instant case under the test announced in Borges, since, examining the requirements of the statute, different elements were required to be proved for each offense, i.e., theft of property valued at less than one-hundred dollars and theft of any firearm.
While there may be a slight distinction between the present case and Thomas, in that Thomas involved two counts of grand theft under Section 812.014(2)(b), and this present case involves one count of grand theft under Section 812.014(2)(b) and one count of petit theft under Section 812.014(2)(c), that distinction appears to be of little significance. Considering the arguments presented, we vacate the sentence for petit theft of Nettles' property based on Thomas, but certify the following question to the Florida Supreme Court as a question of great public importance:
Can a defendant be given separate judgments and sentences for theft of a firearm and theft of other property worth less than one-hundred dollars arising out of a single burglary, when the theft statute requires proof of different elements for convictions under the various subsections of the single criminal statute?
*256 In all other respects the judgment and sentences are affirmed.
McCORD and ERVIN, JJ., concur.