SHIVERS, Judge.
Atkinson stands convicted of the charges of grand theft of a motor vehicle, grand theft of a pistol, kidnapping, sexual battery while armed with a firearm, and armed robbery with a firearm. On appeal, Atkinson contends that the trial court erred in denying his motions for judgments of acquittal on the kidnapping, robbery with a firearm, and sexual battery charges and in sentencing him on both the auto theft and theft of a firearm charges. In the alternative, appellant contends that he should be granted a new trial on the sexual battery charge. We affirm appellant’s convictions but reverse his sentence on the charge of theft of a firearm.
On September 3, 1981, Charlene Paulk parked her car in the Tallahassee Hilton parking lot at approximately 4:30 P.M. While she was looking for a parking spot, she noticed a black male wearing a rolled up pair of khaki slacks and carrying a black umbrella as he walked slowly in the rain. Paulk parked her car and then went into the Hilton for a drink. When she returned, she discovered that her car was gone. Paulk reported her car as stolen to the police department, and the police department responded to this report at 6:45 P.M. Shortly before midnight on that same evening, Ms. McGill was abducted at gunpoint by a black male shortly after she had left her parked car. The assailant forced McGill into another vehicle, drove her to another location and then instructed her to undress and to give him all of her jewelry. After the assailant forced McGill to engage in oral and vaginal intercourse, the assailant released McGill. Whereupon, McGill reported the incident to the police and gave the police a description of her assailant and of the vehicle used during the abduction and sexual battery. The following day, a Gadsden County Deputy Sheriff stopped a vehicle in Quincy which matched the description of a vehicle for which a Bolo had been issued. When the deputy stopped the *728 vehicle, the driver fled. A chase ensued which eventually resulted in Atkinson’s arrest a short time later. The vehicle which Atkinson was driving was identified as belonging to Paulk. Paulk’s vehicle matched the description given by McGill as the vehicle used by her assailant. After Atkinson’s arrest, he gave a statement to the police in which he admitted stealing Paulk’s vehicle but denied any involvement in the kidnapping, sexual battery, and robbery of McGill. Atkinson offered the police an alibi as to his whereabouts on the night in question by stating that at about 10:00 P.M., after having a few drinks, he entered Paulk’s vehicle because he needed a place to sleep. After spending the night in the vehicle, Atkinson stated that he decided to go to Quincy to sell a gun which he found in Paulk’s vehicle.
While Atkinson was being questioned, the police noticed a necklace barely visible in his hair, which McGill later identified as being similar in every characteristic to the one that was taken from her by her assailant. At trial, McGill identified the vehicle which Atkinson admitted stealing as the vehicle which was used by her assailant, but was unable to positively identify Atkinson as her assailant. McGill did, however, provide a description of her assailant, whom she described as a black male of medium weight wearing dark pants and a tan shirt. Atkinson is a black male and was wearing a dark blue shirt and tan pants at the time of his arrest. The State also presented evidence from Paulk, the owner of the stolen vehicle. She testified that Atkinson looked similar to the black male she observed carrying an umbrella in the Hilton parking lot on the day her vehicle was stolen. Paulk further testified that when the stolen vehicle was returned to her, she discovered an umbrella inside it which was similar to the one she saw the black male carrying in the Hilton parking lot on the day her car was stolen. The State also presented expert testimony which indicated that semen stains taken from the seatcover of the stolen vehicle were consistent with the blood type and PGM of Atkinson, and that only 11% of the black population had the same blood characteristics. Testifying on his own behalf, Atkinson denied any involvement in the rape and denied that he had ever told the police that he had gone into the stolen vehicle at 10:00 P.M. on the evening McGill was raped.
We first address the question of whether the trial court erred in denying Atkinson’s motions for judgments of acquittal. Atkinson contends that the trial court erred because the evidence was not inconsistent with any reasonable hypothesis of his innocence. Specifically, he argues that the evidence does not rebut his alibi defense that he did not enter the stolen vehicle, which was used by McGill’s assailant, until after the crimes against McGill were committed. We disagree.
Where, as here, the convictions are wholly based on circumstantial evidence, a special standard of review of the sufficiency of the evidence applies. Jaramillo v. State, 417 So.2d 257 (Fla.1982). In McArthur v. State, 351 So.2d 972 (Fla.1977), the Florida Supreme Court reiterated the standard to be that “[wjhere the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” We also recognize that in applying this standard of review, the version of events as related by the defendant must be believed unless the circumstances show that version to be false. Mayo v. State, 71 So.2d 899 (Fla.1954).
Applying the above standard to the evidence in this case, viewed in the light most favorable to the State, we believe the State has presented a prima facie case against Atkinson concerning the crimes in question. McGill identified the car which Atkinson admitted stealing as the same car in which she was abducted, robbed, and raped. She also identified the necklace which the police found in Atkinson’s hair as being similar in every characteristic to the necklace which the assailant had taken from her. The owner of the stolen vehicle which McGill identified as the one used by her assailant, testified that Atkinson looked *729 similar to the man she had seen m the parking lot at 4:30 P.M. on the day her car was stolen. The State also presented testimony from a police officer who testified that Atkinson had given a statement to the police in which he admitted entering the stolen vehicle at 10:00 P.M., 2 hours prior to the time of McGill’s rape. Additionally, expert testimony was presented which indicated that semen stains taken from the stolen vehicle were consistent with the blood type and PGM of Atkinson, and that only 11% of the black population had the same blood characteristics. We believe this evidence is inconsistent with Atkinson’s hypothesis of innocence — that he merely slept in the stolen vehicle used by McGill’s assailant and drove it to Quincy after the crimes in question were committed. We believe that the evidence establishes, prima facie: first, that appellant stole the vehicle which was used in the abduction, robbery and rape of the victim; second, that appellant stole this vehicle before and not after the above crimes were committed; and, third, that Atkinson was the perpetrator in the abduction, robbery, and sexual battery of McGill. On this basis, we affirm the trial court’s denial of Atkinson’s motions for judgments of acquittal.
We next consider the question of whether the trial court erred in accepting guilty verdict forms from the jury on both the sexual battery charge as well as the lesser included offense of assault. As to the sexual battery count, the trial court instructed the jury that it could find Atkinson not guilty, guilty as charged, or guilty of one of the lesser included offenses. Atkinson contends that he should be given a new trial because the jury disregarded this instruction by returning verdicts of guilty as to both the greater and lesser included offense.
Although the jury failed to follow the charge given to them by the trial court, Atkinson is not entitled to a new trial. In State v. Hegstrom, 401 So.2d 1343 (Fla.1981), the Florida Supreme Court held that although a defendant may be convicted of both the greater and lesser included offenses, he can be sentenced for only one offense. In this case, Atkinson was only convicted and sentenced on the greater offense. Since he could have lawfully been convicted of both the greater and lesser included offenses, Atkinson was in no way prejudiced by the fact that the jury disregarded the trial court’s charge and returned verdicts of guilty on both the greater and lesser included offenses. We, therefore, affirm Atkinson’s conviction on the sexual battery charge.
Atkinson’s third point on appeal concerns the question of whether the trial court erred in sentencing him on both the auto theft and theft of a firearm counts. Atkinson relies on this court’s decision in Thomas v. State, 405 So.2d 1015 (Fla. 1st DCA 1981), and contends that since the theft of the auto and theft of the firearm were part of the same criminal episode, he can only be sentenced for one offense.
In Thomas, this court held that the theft of a firearm and other property at the same time from the same place was only one criminal episode and that, therefore, only one sentence could be imposed for both thefts. Based on our decision in Thomas, we must reverse Atkinson’s sentence on the theft of the firearm charge. We note, however, that the question of whether a defendant may be properly sentenced for two thefts in this situation has been certified to the Supreme Court in Getz v. State, 428 So.2d 254 (Fla. 1st DCA 1982). Although the Supreme Court has invoked discretionary jurisdiction to review the Getz case, a decision in the ease is still pending.
WENTWORTH and JOANOS, JJ., concur.