435 So.2d 789 (1983)
STATE of Florida, Petitioner,
v.
William GETZ, Respondent.
No. 62581.
Supreme Court of Florida.
July 14, 1983.
*790 Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., Tallahassee, for petitioner.
Steven L. Bolotin, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
OVERTON, Justice.
This is a petition to review a decision of the First District Court of Appeal reported as Getz v. State, 428 So.2d 254 (Fla. 1st DCA 1982), in which the district court upheld the respondent's convictions and sentences for burglary and grand theft of a firearm, but vacated his sentence for petit theft. The district court certified the following question to be one of great public importance:
Can a defendant be given separate judgments and sentences for theft of a firearm and theft of other property worth less than one-hundred dollars arising out of a single burglary, when the theft statute requires proof of different elements for convictions under the various subsections of the single criminal statute?
428 So.2d at 255. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the affirmative and disapprove the decision of the district court.
The facts relevant to the question submitted reflect that the respondent was charged by information, in separate counts, with (1) burglary of a mobile home, (2) grand theft of the occupant's firearm, and (3) petit theft of a calculator and a container of coins belonging to the occupant. Respondent was convicted on each count and was sentenced to fifteen years for the burglary, five years for the grand theft, and one day for the petit theft. The issue before this Court is the validity of the respondent's sentence for petit theft.
The district court, relying on its decision in Thomas v. State, 405 So.2d 1015 (Fla. 1st DCA 1981), held that respondent's sentence for petit theft must be vacated because both petit theft and grand theft of a firearm are defined in the same statute, section 812.014, Florida Statutes (1979). In Thomas, the district court interpreted that part of section 775.021(4), Florida Statutes (1979), which states that "[w]hoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses... ." The district court in Thomas construed that portion of section 775.021(4) which refers to "two or more criminal statutes" to mean that the statute did not extend to instances of multiple violations of a single statute and held that "[u]nless distinct statutory provisions are involved, it is not appropriate to apply the legislative intent test of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)." 405 So.2d at 1017.
The state contends that the district court erred in following its previous decision in Thomas because of this Court's intervening decision in Borges v. State, 415 So.2d 1265 (Fla. 1982). The state asserts that although a single criminal statute is involved here, there is no double jeopardy problem in this case and separate sentences for violations of separate subsections of section 812.014 are not prohibited because, under the Borges rule, different elements are required to be proved for petit theft and grand theft of a firearm.
We agree with the state and find that the grand theft of a firearm and the petit theft of a calculator and coins from the same property at the same time do constitute separate offenses under section 812.014, for which the respondent may be separately convicted and sentenced. Paragraph *791 (1) of section 812.014 defines the crime of theft as follows:
(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent:
(a) To deprive the other person of a right to the property or a benefit therefrom.
(b) To appropriate the property to his own use or to the use of any person not entitled thereto.
Paragraph (2) of the statute identifies and defines first-degree grand theft, second-degree grand theft, and petit theft, and reads as follows:
(2)(a) If the property stolen is of the value of $20,000 or more, the offender shall be guilty of grand theft in the first degree, punishable as a felony of the second degree, as provided in ss. 775.082, 775.083, and 775.084.
(b) It is grand theft of the second degree and a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084, if the property stolen is:

1. Valued at $100 or more, but less than $20,000.
... .
3. A firearm.

... .
(c) Theft of any property not specified in paragraph (a) or paragraph (b) is petit theft and a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083... .
(Emphasis added.)
It is our view that as the theft statute is written, the legislature intended to make theft of a firearm under subsection (2)(b)3 and theft of property worth less than one hundred dollars under subsection (2)(c) separate and distinct offenses, even where the thefts occur in a single criminal episode. It is clear from a reading of section 812.014 that the legislature intended to treat the theft of different types of property as separate criminal offenses and to establish distinct punishments for the separate offenses. We note that if a firearm is stolen, its value is not an element of the offense and it is grand theft even if the firearm is worth less than one hundred dollars. Our holding is consistent with our recent decision in Borges in which we considered the appropriateness of separate consecutive sentences for a defendant who was convicted of (1) burglary while armed with a dangerous weapon, (2) possession of tools with intent to use them to commit burglary or trespass, (3) possession of a firearm by a person convicted of a felony, and (4) carrying a concealed weapon. All of the offenses in Borges were committed in a single criminal episode. We held that the legislature, by enacting section 775.021(4), "intended to authorize multiple convictions and separate sentences when two or more separate criminal offenses are violated as part of a single criminal transaction, except for lesser included offenses... . The statute has abrogated the single transaction rule." 415 So.2d at 1266. We see no real distinction between Borges and this case. The fact that the offenses for which respondent was convicted and sentenced are defined in the same statute is irrelevant because it is the intent of the legislature which controls in this situation. Borges. We also reject the argument that the multiple sentences arising out of this single criminal episode violate the double jeopardy clause. As explained in Borges, multiple punishments imposed upon convictions for separate offenses arising out of one criminal episode have been approved by the United States Supreme Court in Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), and Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).
We hold that the respondent's multiple convictions and sentences are proper. We answer the certified question in the affirmative and quash the decision of the district court with directions to reinstate the sentence imposed for petit theft.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, McDONALD, EHRLICH and SHAW, JJ., concur.