445 So.2d 627 (1984)
Granderson DAVIS, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. AQ-236.
District Court of Appeal of Florida, First District.
February 8, 1984.
Rehearing Denied March 13, 1984.
*628 Michael Allen, Public Defender, and Gwendolyn Spivey, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Lawrence A. Kaden, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Davis appeals from his convictions of first degree grand theft and of making a false statement in an application for a motor vehicle certificate of title. We affirm as to the grand theft conviction and reverse as to the false statement conviction.
Both charges stem from the defendant's alleged scheme in connection with his attempt to purchase a 1982 Mercedes automobile from the victim, Kinnebrew Motors, in Tallahassee. We treat in our opinion two issues raised by appellant.[1]
With respect to the grand theft count, the state charged the defendant with first degree grand theft, a second degree felony, alleging that the motor vehicle had a value of $20,000 or more. The appellant contends that it was error to deny his motion to dismiss the charge of grand theft in the first degree. The appellant says that theft of a motor vehicle is a third degree felony under the theft statute and that the state is not at liberty to charge first degree grand theft where the property is a motor vehicle even though the vehicle has a value of $20,000 or more.[2] We do not believe that the legislature intended such a construction *629 of the provisions of the theft statute. A more reasonable construction, and one we adopt, is that the enumeration of certain kinds of property in section (2)(b) of the theft statute is a recognition that stealing certain kinds of property should be treated at least as third degree felonies regardless of the value of such property but that first degree grand theft may be charged where that property has a value of $20,000 or more. The fact that such a construction imbues the prosecuting authority with the discretion to decide whether to charge theft of a $20,000 motor vehicle as a third degree felony under subsection 2(b) or as a first degree felony under subsection 2(a) is unavailing to the defendant. See Soverino v. State, 356 So.2d 269 (Fla. 1978); State v. Copher, 395 So.2d 635 (Fla. 2nd DCA 1981); Cf: State v. Young, 371 So.2d 1029 (Fla. 1979).
We have examined the remaining points urged by appellant as to the grand theft count and find them to be without merit.
The second count charged the defendant with a violation of Section 319.33(1)(e), Florida Statutes (1981), which provides in pertinent part:
(1) It is unlawful:
* * * * * *
(e) To use a false or fictitious name, give a false or fictitious address, or make any false statement in any application or affidavit required under the provisions of this law or in a bill of sale or sworn statement of ownership or otherwise commit a fraud in any application. (Emphasis added.)
The gist of the charges in the second count was that the defendant made a false statement in an application for a certificate of title to the Mercedes. On the day the defendant was attempting to negotiate the purchase of the Mercedes at Kinnebrew Motors, the defendant, after having written and tendered to Kinnebrew what later turned out to be a bad check in the sum of $23,129.25, was asked to sign several papers including an application for title on a Department of Highway Safety and Motor Vehicles form. The form, which was typed out by Kinnebrew personnel, included a printed statement to the effect that the applicant is the lawful owner of the described vehicle. This was the alleged false statement. The defendant affixed his signature in the space provided on the application form. However, the form was not sworn to before a notary public or anyone else authorized to administer oaths, and the jurat was therefore never completed. This was, in itself, fatal to the state's charge because the signed form had not yet become an application within the meaning of Chapter 319. Section 319.33(1)(e), as noted above, requires that the false statement allegedly made by the defendant must have been made in an "application or affidavit required under the provisions of" Chapter 319. Section 319.23, Florida Statutes (1981), provides:
(1) Application for a certificate of title shall be made upon a form to be prescribed by the Department of Highway Safety and Motor Vehicles, shall be sworn to before a notary public or other officer empowered to administer oaths, shall be filed with said department, and shall be accompanied by the fee prescribed in this law... .
Assuming, without deciding, that one could violate the provisions of Section 319.33(1)(e) without submission of the offensive application to the Department,[3] the fact is that the document signed by the defendant had not yet become a matured application of the kind contemplated by Sections 319.33(1)(e) and 319.23(1).
We AFFIRM as to the grand theft count. As to the second count, we REVERSE the judgment and sentence and REMAND to the trial court for the entry of a judgment of acquittal.
SMITH and WIGGINTON, JJ., concur.
NOTES
[1] Although the defendant never succeeded in actually obtaining the automobile, the theory of the state's theft count was that the defendant endeavored to obtain the property, an allowable theory of theft under the theft statute, Section 812.014, Florida Statutes (1981). Appellant does not take issue with this principle.
[2] Section 812.014, Florida Statutes (1981), provides in pertinent part:

(2)(a) If the property stolen is of the value of $20,000 or more, the offender shall be guilty of grand theft in the first degree, punishable as provided in ss. 775.082, 775.083, and 775.084.
(b) It is grand theft of the second degree and a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084, if the property stolen is:
1. Valued at $100 or more, but less than $20,000.
2. A will, codicil, or other testamentary instrument.
3. A firearm.
4. A motor vehicle.
5. Any member of the genus Bos (cattle) or the genus Equus (horse), or any hybrid of the specified genera.
6. Any fire extinguisher.
7. Any amount of citrus fruit consisting of 2,000 of more individual pieces of fruit.
8. Taken from a designated construction site identified by the posting of a sign as provided for in s. 810.09(2)(d).
[3] The defendant's scheme was detected before the forms were completed at the automobile dealership and so the application was never submitted to the Department.