RYDER, Judge.
The state appeals an order granting ap-pellee Sammons’ motions to dismiss the three informations filed against him for first degree grand theft in violation of section 812.014(2)(a), Florida Statutes (1981). We reverse.
The first information alleged that on July 26, 1982, appellee committed grand theft with respect to a 1981 Chevrolet Corvette, “said property being of the value of $20,-000 or more lawful money.” The second information stated that on March 28, 1983, appellee committed grand theft with respect to a 1978 Mercedes 450SL, “said property being of the value of $20,000 or more lawful money.” The third information alleged that between July 1 and July 30, 1982, appellee committed grand theft with respect to another 1981 Chevrolet Corvette, “said property being of the value of $20,000 or more lawful money.”
The First District Court of Appeal recently addressed the same issue which is now before us. In Davis v. State, 445 So.2d 627 (Fla. 1st DCA 1984), the court explained:
With respect to the grand theft count, the state charged the defendant with first degree grand theft, a second degree felony, alleging that the motor vehicle had a value of $20,000 or more. The appellant contends that it was error to deny his motion to dismiss the charge of grand theft in the first degree. The appellant says that theft of a motor vehicle is a third degree felony under the theft statute and that the state is not at liberty to charge first degree grand theft where the property is a motor vehicle even though the vehicle has a value of $20,000 or more. We do not believe that the legislature intended such a construction of the provisions of the theft statute. A more reasonable construction, and one we adopt, is that the enumeration of certain kinds of property in section (2)(b) of the theft statute is a recognition that stealing certain kinds of property should be treated at least as third degree felonies regardless of the value of such property but that first degree grand theft may be charged where that property has a value of $20,-000 or more. The fact that such a construction imbues the prosecuting authority with the discretion to decide whether to charge theft of a $20,000 motor vehicle as a third degree felony under subsection 2(b) or as a first degree felony under subsection 2(a) is unavailing to the defendant. See Soverino v. State, 356 So.2d 269 (Fla.1978); State v. Copher, 395 So.2d 635 (Fla. 2d DCA 1981); Cf. State v. Young, 371 So.2d 1029 (Fla.1979). (emphasis supplied).
We agree with the reasoning of our sister court in Davis and, therefore, adopt its analysis and holding. Accordingly, we reverse and vacate the trial court’s order dismissing the three complaints, direct the lower court to reinstate the informations, and we remand for further proceedings consistent with this decision.
REVERSED, VACATED and REMANDED with instructions.
BOARDMAN, A.C.J., and SCHEB, J., concur.