460 So.2d 494 (1984)
William RUNYON, Appellant,
v.
STATE of Florida, Appellee.
No. BA-315.
District Court of Appeal of Florida, First District.
December 10, 1984.
*495 William Runyon, pro se., for appellant.
No appearance for appellee.
SHIVERS, Judge.
Appellant appeals the trial court's denial of his RCrP 3.850 motion for post-conviction relief. In his motion, appellant alleged that his conviction was obtained by a coerced plea and that he was denied effective assistance of counsel. The trial court denied appellant's motion, attaching a copy of the transcript of the plea and sentencing hearing to its order. We affirm.
First, the transcript of the plea hearing attached to the trial court's order affirmatively refutes appellant's allegation that his plea of guilty was coerced. This transcript shows that appellant's plea was entered voluntarily and intelligently. In particular, this transcript shows that appellant stated that no one had threatened, coerced, or intimidated him in any way in order to get him to plead guilty. See generally Frazier v. State, 447 So.2d 959 (Fla. 1st DCA 1984); Rogers v. State, 362 So.2d 1031 (Fla. 3d DCA 1978).
Next, we find that appellant failed to demonstrate that defense counsel's advice to plead guilty was "outside the wide range of professionally competent assistance." Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). A decision to plead guilty is a tactical one, State v. Pinto, 273 So.2d 408, 411 (Fla. 3d DCA), cert. dismissed, 283 So.2d 367 (Fla. 1973), and in light of the charge that was not filed against appellant in exchange for appellant's plea, we do not find the decision to plead guilty in this case to be unreasonable. See Strickland, supra, 104 S.Ct. at 2066.
Accordingly, the order on appeal is AFFIRMED.
MILLS and WENTWORTH, JJ., concur.