PER CURIAM.
We have for review Davis v. State, 445 So.2d 627 (Fla. 1st DCA 1984), which expressly and directly conflicts with prior decisions of this Court. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Granderson Davis, Jr., attempted to purchase a Mercedes-Benz automobile valued at over $23,000 from Kinnebrew Motors, Inc., of Tallahassee by means of what later proved to be a worthless check. Defendant’s scheme was detected prior to finalization of the sale and he never acquired ownership of the vehicle. Davis does not dispute the fact that he may be prosecuted for theft under section 812.014, Florida Statutes (1981), since he did, in fact, endeavor to obtain the property.
Davis was thereafter charged, in part, with first-degree grand theft in violation of section 812.014(2)(a), Florida Statutes (1981), which reads as follows:
If the property stolen is of the value of $20,000 or more, the offender shall be guilty of a grand theft in first degree, punishable as a felony of the second degree, as provided in §§ 775.082, 775.083 and 775.084.
*224 Davis moved to dismiss the information regarding the charge of first-degree grand theft. Davis argued that he could only be charged with second-degree grand theft under section 812.014(2)(b), Florida Statutes (1981), which provides:
It is a grand theft of the second degree and á felony of the third degree, punishable as provided in §§ 775.082, 775.083, and 775.084, if the property stolen is:
4. A motor vehicle
The trial court denied defendant’s motion to dismiss. Defendant was found guilty of grand theft in the first degree. On appeal, the First District Court of Appeal affirmed defendant’s conviction.
The sole issue before the Court is whether a theft of a motor vehicle of proven value of over $20,000 may be charged as grand theft in the first degree or must be charged as grand theft in the second degree. This issue arises because Davis endeavored to obtain an item that is both worth more than $20,000, which would seem to require prosecution for grand theft in the first degree, and a motor vehicle, which would seem to require prosecution for grand theft in the second degree.
Defendant relies on State v. Getz, 435 So.2d 789 (Fla.1983) to support the proposition that he may only be prosecuted for grand theft in the second degree. In Getz, we upheld the defendant’s conviction of grand theft in the second degree for stealing a firearm under section 812.014(2)(b) which read as follows:
It is a grand theft of the second degree and a felony of the third degree, punishable as provided in §§ 775.082, 775.083, and 775.084, if the property stolen is:
3. a firearm.
In so holding, we rejected a claim by the defendant that a firearm worth less than $100 must be prosecuted under the petit theft statute.
Defendant’s reliance on Getz is misplaced. Getz merely held that if an item is specifically enumerated under the second-degree grand theft statute, such as the firearm in Getz and the motor vehicle in this instance, the state need not prove the value of the stolen item. Thus, according to the rationale in Getz, if the motor vehicle stolen by Davis was worth only $75 he could be prosecuted for grand theft in the second degree as opposed to petit theft.
However, just because the legislature chose not to make value an element of proof in those specifically enumerated second-degree grand thefts (firearms, motor vehicles, etc.), it does not necessarily follow that the legislature has not given the state discretion to make proof of value an element in the more serious first-degree grand theft of property worth more than $20,000. Thus, the state may prosecute Davis for grand theft in the first degree and assume the burden of proving beyond a reasonable doubt that the value of the motor vehicle is $20,000 or more.
This result is in full accordance with the intent of the legislature. The legislature was concerned about the theft of certain items, such as motor vehicles and firearms. This concern led the legislature to mandate that the theft of these items be prosecuted as at least second-degree grand theft. Clearly, the great concern that the legislature expressed regarding the theft of these items would be circumvented if the state were forced to prosecute someone accused of stealing a motor vehicle worth $50,000 as a second-degree grand theft when someone accused of stealing artwork or jewels worth $50,000 may be prosecuted for first-degree grand theft.
In this instance, the state was merely exercising its discretion by charging Davis with grand theft in the first degree. See Soverino v. State, 356 So.2d 269 (Fla.1978). In so doing, the state both accepted and met the burden of proving that the motor vehicle in question was worth $20,000. Davis was correctly charged with grand theft in the first degree.
For the reasons expressed, we approve of the decision of the district court.
It is so ordered.
OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
*225 ADKINS, J., dissents with an opinion with which BOYD, C.J., and SHAW, J., concur.