603 So.2d 616 (1992)
Anthony L. PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-115.
District Court of Appeal of Florida, First District.
August 3, 1992.
Anthony L. Parker, pro se.
No appearance, for appellee.
JOANOS, Chief Judge.
Appellant, Anthony L. Parker, seeks review of the denial of his motion for post-conviction relief. The trial court's summary denial was based on a finding that the motion was untimely under the two-year limitation period set forth in Florida Rule of Criminal Procedure 3.850. We affirm on other grounds.
At the outset, from our review of the record, we conclude that appellant's rule 3.850 motion was filed timely under the reasoning articulated in Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988). However, we find it unnecessary to remand with directions to rule upon the merits of the motion, because we conclude the allegations are facially insufficient to demonstrate entitlement to relief.
Appellant's motion reflects that he pled guilty to two counts of aggravated assault. A five-year sentence was imposed on count one, with a three-year mandatory minimum for use of a firearm. A consecutive four-year sentence was imposed on count two, without the mandatory firearm enhancement. As grounds for relief, appellant alleged that his counsel provided ineffective assistance in numerous respects, he challenged various aspects of the evidence offered by the state to support his convictions, and he contended that his sentence exceeded the maximum penalty authorized by law.
Appellant's allegations of ineffective assistance of counsel are stated as mere conclusions, unsupported by allegations of specific facts which, when considered in the totality of the circumstances, are not conclusively refuted by the record and demonstrate a deficiency of counsel that was detrimental to the defendant. As such, the allegations are facially insufficient to demonstrate entitlement to relief. Roberts v. State, 568 So.2d 1255, 1259 (Fla. 1990); Kennedy v. State, 547 So.2d 912, 913 (Fla. 1989); Williams v. State, 553 So.2d 309 (Fla. 1st DCA 1989). Appellant's allegations regarding the identification process, the convictions for possession of a firearm and aggravated assault, and his confession, constitute attacks upon the validity *617 and sufficiency of the evidence. Such claims must be raised on direct appeal, and are not cognizable on a motion for post-conviction relief. Among other things, the effect of a guilty plea is to preclude an attack, by way of a post-conviction motion, on the validity of evidence or the admissibility of evidence. Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279 (1969); Dean v. State, 580 So.2d 808, 809 (Fla. 3d DCA 1991); Whitlow v. State, 256 So.2d 48, 49 (Fla. 2d DCA 1971). Finally, appellant's attack upon the legality of his sentences is refuted by the allegations of the motion and the copy of the judgment attached thereto.
Because appellant's claims are facially insufficient to warrant relief, we affirm the order denying post-conviction relief, albeit on grounds other than those relied upon by the trial court. See Freeman v. State, 589 So.2d 368 (Fla. 1st DCA 1991).
ALLEN and WOLF, JJ., concur.