PER CURIAM.
We affirm the denial of post-conviction relief under rule 3.850, Florida Rules of Criminal Procedure. Appellant asserts that the trial court failed to sentence him in accordance with a negotiated plea, that his plea was involuntary due to lack of factual basis, and that his counsel rendered ineffective assistance in advising him to plead to a completed crime when the acts he admitted constituted only an attempt.
*1023 Appellant pled guilty to violating section 322.212(5), Florida Statutes (1993), making it unlawful for a person to use a false name in any application for a driver’s license or identification card. An application for a duplicate identification card must be signed and verified by the applicant before a person authorized to administer oaths. § 322.051(1), (3), Fla. Stat. (1993). He contends he never completed an application, but was arrested after signing a false name to a receipt for the $2.50 fee for a duplicate identification card.
Initially, we note that the record conclusively shows Appellant entered an open guilty plea and not a negotiated plea. Appellant was advised that by pleading guilty he was waiving his right to a trial and his right to require the state to prove the charges against him. The possibility that the evidence at trial (had there been a trial) might have supported only a lesser offense, a conviction for an attempt rather than a completed offense, or might have proved a violation only of a statute not charged, should not require further inquiry by the trial court where Appellant does not deny guilt. Appellant does not contend that he denied using false identification and a false name in seeking to obtain a driver’s license or identification card from the Department of Highway Safety and Motor Vehicles.
The record reflects the state’s contention that it had evidence demonstrating that Appellant submitted and used a false name in fraudulently applying for a driver’s license. The trial court’s inquiry as to the issues raised in Appellant’s petition, albeit brief, was sufficient. The trial court, in inquiring, was not required to weigh the state’s case or resolve whether it would ultimately withstand a motion for judgment of acquittal, nor could such a determination be made now upon remand. It cannot be determined, short of conducting a full scale trial and subsequent appeal, whether the state’s proof would have been sufficient as to each element of the offense charged. See Parker v. State, 603 So.2d 616 (Fla. 1st DCA 1992). At the time the change in plea was entered, there was no contention that the state had charged Appellant under the wrong statute, and there is no indication that Appellant had sought dismissal of the charge on that ground. Although the record does reveal that defense counsel had earlier mentioned Appellant’s desire to plead only to an attempt, there was no further assertion incident to the change of plea that Appellant was not admitting the full accusation.
It was the state’s contention that Appellant had submitted stolen social security and medicare cards, containing the name of a third party, to driver’s license office personnel as proof of his identity. Appellant acknowledges that he signed the false name on a receipt. An officer also states that Appellant signed an ID card or license with a false name. We have considered Davis v. State, 445 So.2d 627 (Fla. 1st DCA 1984), approved, 475 So.2d 223 (Fla. 1985), and deem it inapposite. To the extent that Baker v. State, 620 So.2d 1122 (Fla. 1st DCA 1993), may be deemed inconsistent with this conclusion, we note conflict.
This case is distinguishable from those in which further inquiry is required because a defendant advises the trial court, at the time of entering a plea or during the court’s resulting inquiry, that the defendant continues to deny committing the offense notwithstanding the change in plea or asserts facts constituting a legal defense to the charge. It is also distinguishable from those in which the defendant claims reliance upon a promise or misrepresentation of counsel.
With regard to the issue of competency of counsel, we deem the decision to enter a plea to be patently tactical. See Runyon v. State, 460 So.2d 494 (Fla. 1st DCA 1984). The record reflects that this was an old case made more difficult to resolve because the defendant scored much higher on the guidelines than the maximum sentence for the offense *1024 charged. Appellant’s only hope for a lesser sentence, if convicted, was that the trial court would accept his plea for leniency based on his substance addiction and impose a sentence below the guidelines based upon Appellant’s need for treatment. Clearly, the defense assumed that the chance of such occurring would be enhanced by the age old method of “throwing himself on the mercy of the court.”
We deem the above to be sufficient to satisfy Williams v. State, 316 So.2d 267 (Fla.1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and affirm.
STONE, C.J., and GLICKSTEIN and DELL, JJ., concur.