809 So.2d 83 (2002)
Barry BEAUDRY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1547.
District Court of Appeal of Florida, Fifth District.
February 22, 2002.
*84 James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
The appellant, Barry Beaudry, stole a car containing computer equipment and was convicted of grand theft of a motor vehicle (as a lesser included offense of carjacking) and grand theft of $10,000.00 or more. On appeal he asserts double jeopardy on the basis that there was only one criminal act of simultaneous taking, which included the car and its contents. Beaudry relies upon Sirmons v. State, 634 So.2d 153 (Fla.1994), wherein it was held that a defendant could not be convicted of robbery and grand theft of the same property, a car he stole at knife point. The Florida Supreme Court held that "these offenses are merely degree variants of the core offense of theft."
The state relies on the recent opinion of the Florida Supreme Court in Hayes v. State, 803 So.2d 695 (Fla. 2001) wherein the court upheld separate convictions of both armed robbery and grand theft of a motor vehicle when the defendant stole various items from inside the victim's residence, including car keys, then proceeded outside the victim's residence and stole the victim's vehicle utilizing those keys. Because of the "geographic and temporal separation in the taking of separate property," the court upheld convictions for both armed robbery (inside the residence) and grand theft of the motor vehicle (outside the residence), determining that the dual convictions did not violate the prohibition against double jeopardy.
The instant case is controlled by Sirmons rather than Hayes. Here, there is one act of taking (of the car and its contents) with no geographic or temporal separation between two acts of taking. See also Brown v. State, 430 So.2d 446, 447 (Fla.1983).
The more recent case of Cruller v. State, 808 So.2d 201 (Fla.2002) is inapplicable to the instant case because it involved a conviction for carjacking. In Cruller the court determined that the Florida Legislature intended to authorize separate punishments for carjacking and robbery, when the indictment for robbery lists property other than the motor vehicle. Had Beaudry been convicted of carjacking and grand theft of property other than the motor vehicle, both convictions would stand.
We reverse the second grand theft conviction and remand for resentencing.
REVERSED AND REMANDED.
SHARP, W. and PALMER, JJ., concur.