849 So.2d 477 (2003)
Jon C. FORD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4013.
District Court of Appeal of Florida, Fourth District.
July 16, 2003.
*478 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Linda Harrison, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant entered pleas of nolo contendere in open court to five counts as charged in the Information, including grand theft of a motor vehicle (count I) and grand theft of construction equipment and/or tools (count II) and was given consecutive sentences on these two counts.
On appeal, appellant claims that his conviction for grand theft in count II is violative of the double jeopardy clause, as it was subsumed into his conviction for grand theft in count I. The state concedes error and we agree that reversal is required.
Because appellant pled in open court to the charges against him, there is nothing to suggest that he waived his right to raise this double jeopardy violation. See Novaton v. State, 634 So.2d 607, 608 (Fla.1994).
In Beaudry v. State, 809 So.2d 83 (Fla. 5th DCA 2002), the defendant stole a car containing computer equipment and was convicted of grand theft of a motor vehicle and grand theft of $10,000 or more. The Fifth District held that double jeopardy precluded convictions for both grand theft of a motor vehicle and grand theft of the contents of the vehicle (computer equipment), when there was only one act of taking, i.e., the car and its contents, with no geographic or temporal separations between the two acts of taking. See id. at 84; see also Sirmons v. State, 634 So.2d 153 (Fla.1994)(defendant could not be convicted separately for offenses of robbery with a weapon and grand theft of automobile based on single taking of the automobile at knife point; both offenses were merely aggravated forms of the same underlying theft and occurred simultaneously).
In this case, like Beaudry, appellant's taking of the vehicle occurred simultaneously with the taking of the construction equipment which was inside the vehicle at the time of the vehicle theft. Thus, there was no separation of time, place or circumstances between the takings to make the two offenses separate and distinct. Accordingly, the grand theft of construction equipment in count II is subsumed into the grand theft of a motor vehicle in count I.
REVERSED AND REMANDED.
WARNER and KLEIN, JJ., concur.