852 So.2d 444 (2003)
Daniel J. BOGAN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2244.
District Court of Appeal of Florida, Fifth District.
August 22, 2003.
*445 James B. Gibson, Public Defender and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee and Lamya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Daniel Bogan appeals his judgments and sentences which were entered by the trial court after he pled guilty to the charges of driving under the influence causing serious bodily injury, driving under the influence causing damage or injury, and driving under the influence.[1] Bogan alleges that these convictions violate double jeopardy. We affirm.
Under rule 9.140(b) of the Florida Rules of Appellate Procedure, a defendant who pleads guilty has no right to file a direct appeal, except when he expressly reserves the right to appeal a prior dispositive order or when he raises matters as would invalidate the plea itself. Here, Bogan pled guilty to the charges and did not reserve his right to appeal any issue. Therefore, any direct appeal on his guilty plea must be based on one of the reasons enumerated in Florida Rules of Appellate Procedure 9.140(b)(2)(A)(ii).[2] Bogan's argument based on double jeopardy is not a basis for a direct appeal because he failed to file a motion to withdraw his plea. Accordingly, we affirm without prejudice to Bogan's right to seek collateral relief in the trial court. See Byrd v. State, 419 So.2d 725 (Fla. 5th DCA 1982).
AFFIRMED.
SHARP, W. and PLEUS, JJ., concur.
NOTES
[1] See § 316.193; 316.193(3)(a), (b), (c), 2.; 316.193(3)(a), (b), (c), 1., Fla. Stat. (1997).
[2] Rule 9.140. Appeal Proceedings in Criminal Cases

* * *
(b) Appeals by Defendant.
* * *
(2) Guilty or Nolo Contendere Pleas.
(A) Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
(i) Reservation of Right to Appeal. A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.
(ii) Appeals Otherwise Allowed. A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
a. the lower tribunal's lack of subject matter jurisdiction;
b. a violation of the plea agreement, if preserved by a motion to withdraw plea;
c. an involuntary plea, if preserved by a motion to withdraw plea;
d. a sentencing error, if preserved;
or
e. as otherwise provided by law.