857 So.2d 362 (2003)
Michael Steven MIXSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-2408.
District Court of Appeal of Florida, First District.
October 24, 2003.
*363 Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Philip W. Edwards, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
The question in this case is whether appellant Michael Mixson may be convicted and sentenced for two counts of grand theft arising out of the same factual circumstances. Because the facts of this case do not establish a separation of time, place, or circumstances between the two charged offenses nor separate criminal intent, we reverse in part and remand for correction of the sentence.
Before the events in questions, Mixson lived for a time with Johnnie and Carol Markham, the eventual victims in this case. Mixson helped out the Markhams, essentially working as a handy man around the house in exchange for room and board. On occasion, Mr. Markham would let Mixson use the Markhams' truck for various errands. Mr. Markham owned a pressure washer and at some point Mixson and Mr. Markham discussed going into the house cleaning business. In pursuit of that end, Mixson told Mr. Markham on April 25, 2001, that Mixson had lined up a job for the men. Mr. Markham then gave Mixson permission to load tools and other items from the Markham garage onto Markham's truck. Because Mixson intended to mow the yard at the house he was going to clean, he also loaded up Mr. Markham's lawn mowers. While Mixson was loading the truck, Markham was in the house fixing a meal for both men.
Because the Markham house was full with other guests, Mixson was unable to sleep in the house on the night of April 25. Mr. Markham therefore gave Mixson permission to spend the night at a rental house owned by the Markhams. Pursuant to Mr. Markham's instructions Mixson took the truck, by then loaded with the tools, supposedly to the rental house, with plans to meet up with Mr. Markham at 7:00 the next morning at the prospective job. Mixson did not show up, nor did he return the truck or the various tools. Both Mr. and Mrs. Markham testified that Mixson's authorization to use the truck would only extend until the time of the planned job on April 26. Several weeks later, Jacksonville Sheriff's Officer Carol Markham (apparently no relationship to the victims) discovered the truck parked in a yard with Mixson asleep inside the truck. The equipment and tools were missing from the bed of the truck.
Based upon these facts, the State charged Mixson with one count of grand theft of a motor vehicle, and one count of grand theft of tools and equipment valued at over $300 and less than $5,000, both third-degree felonies under section 812.014(2)(c), Florida Statutes (1999). The jury convicted Mixson on both counts, and the trial court sentenced Mixson to concurrent habitual offender prison terms. Although Mixson's counsel did not object to the sentence, a "double jeopardy violation constitutes fundamental error, which may be raised for the first time on appeal." Jones v. State, 711 So.2d 633, 634 (Fla. 1st DCA 1998).
The Florida Supreme Court has held that the double jeopardy clauses of the state and federal constitutions may prohibit multiple convictions for offenses arising out of the same criminal transaction. *364 See Cruller v. State, 808 So.2d 201, 203 (Fla.2002). "The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature `intended to authorize separate punishments for the two crimes.'" Gordon v. State, 780 So.2d 17, 19 (Fla.2001) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). This legislative intent can be "explicitly stated in a statute... or ... discerned through the Blockburger test of statutory construction." M.P. v. State, 682 So.2d at 81; see Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
In cases of theft convictions, where the offenses are "merely degree variants of the core offense of theft ... dual convictions based on the same core offense cannot stand." Sirmons v. State, 634 So.2d 153, 153-54 (Fla.1994). This is true "because each offense [is] simply an aggravated form of the underlying offense of theft, distinguished only by degree factors." Id. Sirmons held that a defendant could not be convicted separately of robbery with a weapon and grand theft motor vehicle based on the single taking of an automobile at knife point because both offenses were merely aggravated forms of the same underlying offense of theft. See id. Other cases have reached similar results. See, e.g., State v. Thompson, 607 So.2d 422 (Fla.1992); Johnson v. State, 597 So.2d 798 (Fla.1992); Oliver v. State, 842 So.2d 259 (Fla. 5th DCA 2003).
In Beaudry v. State, the defendant stole a car containing computer equipment and was convicted of grand theft motor vehicle and grand theft of $10,000 or more. 809 So.2d 83, 84 (Fla. 5th DCA 2002). The defendant challenged the convictions on double jeopardy grounds arguing that under Sirmons he could only be convicted of one criminal act. See id. The Fifth District agreed, finding that "there is one act of taking (of the car and its contents) with no geographic or temporal separation between the two acts of taking." Id. In Ford v. State, the Fourth District, citing Beaudry, reversed dual convictions for grand theft of a motor vehicle and grand theft of construction tools and/or equipment finding the defendant's "taking of the vehicle occurred simultaneously with the taking of the construction equipment which was already inside the vehicle at the time of the vehicle theft." 849 So.2d 477 (Fla. 4th DCA 2003). See also Wilson v. State, 776 So.2d 347, 352 (Fla. 5th DCA 2001) (allowing only one conviction for theft to stand where defendant, during the course of a burglary, took personal property worth $300 or more, but less than $20,000 from residence and also a firearm from residence).
The State argues that the above cases should not control, and that, instead, Hayes v. State, 803 So.2d 695 (Fla.2001), allows dual convictions under the present facts. In Hayes, the defendant was convicted of armed robbery, armed burglary of a structure, and grand theft of a motor vehicle. See id. at 697. The conviction stemmed from a criminal incident during which Hayes entered a residence and took various items from the victim, including the keys to a van parked outside the victim's residence. See id. After leaving the residence, Hayes used the keys to steal the van. See id.
Hayes argued that under Sirmons he could not be convicted for the theft of both the personal property from inside the residence and the subsequent theft of the motor vehicle outside the residence. See id. at 700. The supreme court disagreed, finding that double jeopardy does not bar multiple convictions and punishments "where a defendant commits two or more distinct criminal acts." Id. Ultimately rejecting *365 the position taken by Hayes, the supreme court set out the rule for resolving the double jeopardy issue where the defendant has taken a single victim's property:
[C]ourts should look to whether there was a separation of time, place, or circumstances between the initial armed robbery and the subsequent grand theft, as those factors are objective criteria utilized to determine whether there are distinct and independent criminal acts or whether there is one continuous criminal act with a single criminal intent.
Id. at 704. Applying this rule, the court determined, "the robbery of various items from inside the residence was sufficiently separate in time, place and circumstance from Hayes' theft of the motor vehicle parked outside the victim's residence to constitute distinct and independent criminal acts." Id. The court recognized, however, the difficulties involved in attempting to formulate a bright-line rule for these types of cases "because the determination is often fact-specific." Id. at 705.
Comparing the present facts to those in Hayes, we conclude that, unlike Hayes, the present case will only support a conclusion of one continuous criminal act with a single criminal intent. This is so because the undisputed evidence establishes that Mixson had permission to take the equipment and tools from the garage and load them into the truck and, thereafter, had permission to take the truck overnight. Indeed, Mr. Markham was present in the house preparing a meal while Mixson loaded Markham's truck. The record before us contains no evidence that Mixson exhibited an intent to deprive the rightful owner of his goods until on or after April 26 when Mixson failed to show up at the job site. Similar to the defendant in Beaudry, appellant here was charged and convicted under two subparts of the same statute. Under our analysis, the State is unable to demonstrate the requisite separation of time, place, and circumstances between the taking of the truck and the taking of the tools. Accordingly, we conclude that the takings occurred as part of one criminal episode and with a single criminal intent. See Hayes, 803 So.2d at 704.
We must reverse one of the theft convictions. Because the trial court sentenced appellant to concurrent 10-year habitual offender terms for each of the two convictions, we direct the court below to vacate the conviction and sentence as to count two.
AFFIRMED in part; REVERSED in part; and REMANDED with directions.
WEBSTER, and DAVIS, JJ., concur.