888 So.2d 89 (2004)
Arthur THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4330.
District Court of Appeal of Florida, Second District.
November 19, 2004.
James Marion Moorman, Public Defender, and Sean K. Ahmed, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
*90 FULMER, Judge.
Arthur Thompson appeals his convictions for burglary, grand theft of a firearm, grand theft in the third degree ($300-$5000), and criminal mischief. We reverse and remand for the trial court to vacate one of the two grand theft convictions because the State did not demonstrate separation of time, place, and circumstances between the taking of the firearm and the taking of other property during the burglary.
The State's case against Thompson was based on fingerprint evidence found at the scene. Thompson first argues that the trial court erred in denying his motion for mistrial when testimony from an employee of the Florida Department of Law Enforcement revealed that Thompson's fingerprints were on file with the AFIS, an automated fingerprint identification system. We reject this argument because the transcript indicates that, after some discussion, Thompson's attorney withdrew his objection and motion. Therefore, this issue was not preserved.
Thompson next argues that the dual convictions for grand theft violated double jeopardy where one was based on the taking of a firearm during the burglary, in violation of section 812.014(2)(c)(5), Florida Statutes (2000), and the other was based on the taking of "various personal items" valued between $300 and $5000, in violation of section 812.014(2)(c)(1). We agree that it is a violation of double jeopardy to convict for both theft of a firearm and theft of personal property where both charges arise from a single burglary during which numerous items were taken because the convictions derive from two subparts of the same statute. See Mixson v. State, 857 So.2d 362, 365 (Fla. 1st DCA 2003); Wilson v. State, 776 So.2d 347, 352 (Fla. 5th DCA 2001).
The State argues that the convictions should stand because they are based on offenses separated by time, place, or circumstances. We reject this contention because there was insufficient evidence of the events that occurred during the burglary to lead one to conclude that the taking of the firearm was separated by time, place, or circumstances from the taking of the other items. See Mixson, 857 So.2d at 365 (reversing one of two theft convictions where "the State is unable to demonstrate the requisite separation of time, place, and circumstances between the taking of the truck and the taking of the tools").
Accordingly, we remand for the trial court to vacate one of the theft convictions. Thompson received five years' concurrent for each of the theft charges; thus, either count may be reversed.
Affirmed in part, reversed in part, and remanded.
DAVIS and KELLY, JJ., concur.