889 So.2d 108 (2004)
Vito SCAROLA, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3087.
District Court of Appeal of Florida, Fifth District.
November 19, 2004.
James B. Gibson, Public Defender, and Allison Havens, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and LaMya A. Henry, Assistant Attorney General, Daytona Beach, for Appellee.
EN BANC
PETERSON, J.
Vito Scarola entered an open, unconditional plea of nolo contendere to charges of *109 burglary of a dwelling,[1] grand theft of a firearm,[2] and grand theft ($300 or more but less than $5,000)[3] and was convicted and sentenced for all three crimes. Scarola contends on appeal that the convictions for the two grand theft charges were a violation of the constitutional prohibition against double jeopardy and that neither his voluntary plea nor his failure to raise the issue before the trial court precludes him from raising this fundamental error for the first time in an appellate court.
The firearm and jewelry were taken by Scarola during the burglary of the dwelling and it is clear that the two grand theft convictions arising from this same criminal episode violate the prohibition against double jeopardy. See, e.g., Wilson v. State, 776 So.2d 347 (Fla. 5th DCA 2001). The disposition of the error is not as clear when one considers both the rule that a double jeopardy violation is a fundamental error that may be raised for the first time on appeal, and the rule established in Bogan v. State, 852 So.2d 444 (Fla. 5th DCA 2003).
In Johnson v. State, 460 So.2d 954 (Fla. 5th DCA 1984), aff'd 483 So.2d 420 (Fla.1986) this court found a double jeopardy violation to be fundamental error; a classification that eliminates the contemporaneous objection rule and allows a claimed error of double jeopardy to be raised for the first time on appeal.[1] However, in Bogan this court affirmed a conviction violating the double jeopardy rule where the defendant entered an open plea of guilty to the crimes without reserving the right to appeal a prior dispositive order or raising such matters as would invalidate the appeal itself.[2] This court refused to consider the double jeopardy argument on appeal because Bogan failed to move to withdraw his guilty plea and the appeal was not based upon any of the reasons enumerated in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(e) (2002).
In view of Johnson and the two decisions discussed below that followed Bogan, we recede from the Bogan decision. Additionally, rule 9.140(b)(2)(A)(ii)(e) allows an appeal from a nolo contendere plea when it is otherwise provided by law.
The defendant in Barfield v. State, 871 So.2d 929 (Fla. 5th DCA 2004) entered an open, unconditional guilty plea to charges of grand theft and dealing in stolen property and was convicted and sentenced. He appealed raising a double jeopardy issue for the first time. Although the case was remanded for evidentiary findings to determine whether the two offenses were part of the same scheme or course of conduct, this court agreed with the appellant's arguments that: (1) the dual convictions constituted fundamental error; (2) the conviction error could be raised for the first time on appeal; and (3) rule 9.140(b)(2)(A)(ii)(e) permits the fundamental double jeopardy argument because it is one "otherwise provided by law." Our decision in Barfield comports with the Fourth District's decision in Toson v. *110 State, 864 So.2d 552 (Fla. 4th DCA 2004) which held that rule 9.140(b)(2) permits a double jeopardy argument to be raised for the first time on appeal when an open guilty plea has previously been entered.
We vacate Scarola's conviction for grand theft of property having a value of $300 or more but less than $5,000 and the sentences imposed therefor, affirm the remaining convictions, and remand for resentencing.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
SAWAYA, C.J., SHARP, W., GRIFFIN, THOMPSON, PLEUS, PALMER, ORFINGER, MONACO and TORPY, JJ., concur.
NOTES
[1] §§ 810.02(1),(3); 810.07, Fla. Stat. (2002).
[2] § 812.014(1),(2)(c), Fla. Stat. (2002).
[3] § 812.014(1),(2)(c), Fla. Stat. (2002).
[1] The defendant in Johnson was adjudicated guilty after entering a plea agreement, but the trial court vacated the judgment when the presentence investigation report revealed prior convictions unknown by the court prior to the adjudication. The Florida Supreme Court found that the subsequent trial placed the defendant in jeopardy twice and the defendant was not precluded from raising the defense for the first time on appeal.
[2] The Bogan opinion does not indicate that the defendant entered an open plea, but review of this court's records reveals that fact.