898 So.2d 1023 (2005)
Patrick Joseph KELSO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-2924.
District Court of Appeal of Florida, Fourth District.
March 9, 2005.
Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of burglary, grand theft of a firearm, and theft of more than $20,000. Because the grand theft of the firearm and the theft of more than $20,000 occurred during the same burglary, he argues that those two convictions violate double jeopardy. He bases his argument on Wilson v. State, 776 So.2d 347 (Fla. 5th DCA 2001). Wilson, however, appears to be contrary to State v. Getz, 435 So.2d 789 (Fla.1983), which, as a decision of the Florida Supreme Court, controls. We therefore affirm and certify conflict with Wilson.
In Wilson there were two burglaries of separate homes on the same day, and each of the burglaries involved the taking of both firearms and other personal property. The Wilson panel reversed multiple convictions for theft during each of the two burglaries and held that double jeopardy would bar more than one theft conviction arising out of each burglary.
The state argues that Wilson is contrary to State v. Getz, 435 So.2d 789, 791 (Fla.1983), in which the defendant received separate convictions for theft of a firearm and theft of other personal property arising out of a single burglary. After quoting our theft statute, which contains separate categories for stolen property with a value of $20,000 or more, property valued from $100 up to $20,000, and firearms (regardless of value), our supreme court stated:
It is our view that as the theft statute is written, the legislature intended to make theft of a firearm under subsection *1024 (2)(b)3 and theft of property worth less than one hundred dollars under subsection (2)(c) separate and distinct offenses, even where the thefts occur in a single criminal episode. It is clear from a reading of section 812.014 that the legislature intended to treat the theft of different types of property as separate criminal offenses and to establish distinct punishments for the separate offenses. We note that if a firearm is stolen, its value is not an element of the offense and it is grand theft even if the firearm is worth less than one hundred dollars. Our holding is consistent with our recent decision in Borges [v. State, 415 So.2d 1265 (Fla.1982)] in which we considered the appropriateness of separate consecutive sentences for a defendant who was convicted of (1) burglary while armed with a dangerous weapon, (2) possession of tools with intent to use them to commit burglary or trespass, (3) possession of a firearm by a person convicted of a felony, and (4) carrying a concealed weapon. All of the offenses in Borges were committed in a single criminal episode. We held that the legislature, by enacting section 775.021(4), "intended to authorize multiple convictions and separate sentences when two or more separate criminal offenses are violated as part of a single criminal transaction, except for lesser included offenses.... The statute has abrogated the single transaction rule." 415 So.2d at 1266. We see no real distinction between Borges and this case. The fact that the offenses for which respondent was convicted and sentenced are defined in the same statute is irrelevant because it is the intent of the legislature which controls in this situation. Borges. We also reject the argument that the multiple sentences arising out of this single criminal episode violate the double jeopardy clause. As explained in Borges, multiple punishments imposed upon convictions for separate offenses arising out of one criminal episode have been approved by the United States Supreme Court in Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), and Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).
Getz, 435 So.2d at 791. In Grappin v. State, 450 So.2d 480 (Fla.1984), our supreme court again recognized the special nature of firearms, as distinct from other property which could be stolen, and held that the defendant could be convicted of five separate crimes for stealing five firearms during a single burglary.
In Johnson v. State, 597 So.2d 798 (Fla.1992), our supreme court held that a defendant could not have separate convictions for grand theft of cash and grand theft of a firearm, where the defendant obtained them by snatching the victim's purse. The court emphasized that in Getz the defendant intended to take both the gun and other property, while in Johnson the defendant was not aware of what was in the purse when he snatched it. The court explained:
We recognize that our views herein appear to be contrary to State v. Getz, 435 So.2d 789 (Fla.1983), wherein we upheld a third-degree felony conviction for the taking of a gun and a petit theft conviction for the taking of a calculator when both takings occurred during a household burglary. In Getz, however, there was a separate intent and act to take each item. In this case there was one intent and one act of taking the handbag. Had the gun been picked up separately from the taking of the handbag, Getz would allow separate convictions.
Johnson, 597 So.2d at 799.
In the present case the gun and cash were individually taken during the burglary, and accordingly, under Getz, appellant's *1025 two convictions for theft did not violate double jeopardy.
Mixson v. State, 857 So.2d 362 (Fla. 1st DCA 2003), also relied on by appellant, is distinguishable because, although it involved the theft of more than one item of personal property, there was no theft of a firearm. Under those circumstances the analysis for double jeopardy involves determining whether the different articles are taken as one continuous act. Hayes v. State, 803 So.2d 695 (Fla.2001).
We have considered the suppression issue and find it to be without merit. We accordingly affirm and certify direct conflict with Wilson and two other decisions which followed Wilson; Scarola v. State, 889 So.2d 108 (Fla. 5th DCA 2004), and Thompson v. State, 888 So.2d 89 (Fla. 2d DCA 2004).
GROSS and MAY, JJ., concur.