961 So.2d 277 (2007)
Patrick Joseph KELSO, Petitioner,
v.
STATE of Florida, Respondent.
No. SC05-597.
Supreme Court of Florida.
June 28, 2007.
*278 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL, Celia A. Terenzio, Bureau Chief, and Jeanine M. Germanowicz, Assistant Attorneys General, West Palm Beach, FL, for Respondent.
LEWIS, C.J.
We have for review the decision in Kelso v. State, 898 So.2d 1023 (Fla. 4th DCA 2005), in which the Fourth District certified conflict with the Fifth District's decisions in Wilson v. State, 776 So.2d 347 (Fla. 5th DCA 2001), and Scarola v. State, 889 So.2d 108 (Fla. 5th DCA 2004), and the Second District's decision in Thompson v. State, 888 So.2d 89 (Fla. 2d DCA 2004). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

FACTS AND PROCEDURAL HISTORY
The instant matter presents a purely legal question with regard to whether it is permissible to have convictions for multiple theft offenses arising from a single criminal transaction. The pertinent facts reveal that Kelso was charged and convicted of, among other offenses, third-degree grand theft of a firearm under section 812.014(2)(c)(5) of the Florida Statutes and second-degree grand theft under section 812.014(2)(b)(1) of the Florida Statutes. See § 812.014(2)(b)(1), (c)(5), Fla. Stat. (2003). It is undisputed that the offenses were committed during a single criminal transaction.
On appeal, Kelso contended that the two theft convictions under section 812.014 of the Florida Statutes were a violation of the constitutional prohibition against double jeopardy. The Fourth District, relying on the opinion of this Court in State v. Getz, 435 So.2d 789 (Fla.1983), held that the convictions did not violate double jeopardy principles. See Kelso, 898 So.2d at 1024-25. Quoting at length from Getz, the Fourth District reasoned that the Legislature intended for the theft of a firearm and the various other items of property specifically enumerated under section 812.014 to be considered "separate and distinct offenses, even where the thefts occur in a single criminal episode." Kelso, 898 So.2d at 1024 (quoting Getz, 435 So.2d at 791). The court concluded that the value of a stolen firearm is irrelevant to the grading of the theft crime under section 812.014, and attributed this to "the special nature of firearms, as distinct from other property *279 which could be stolen." Kelso, 898 So.2d at 1024. The Fourth District certified its holding to be in direct conflict with the decisions of the district courts in Wilson, Scarola, and Thompson, and this review followed.

ANALYSIS
Modeled after the double jeopardy provision of the Fifth Amendment to the United States Constitution, article I, section 9 of the Florida Constitution states that "no person shall . . . be twice put in jeopardy for the same offense." Art. I, § 9, Fla. Const. This Court has explained that "where multiple punishments are imposed at a single trial, `the role of the constitutional guarantee against double jeopardy is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments arising from a single criminal act.'" Hayes v. State, 803 So.2d 695, 699 (Fla. 2001) (quoting Brown v. Ohio, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)). This Court has stated that "[t]he prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature `intended to authorize separate punishments for the two crimes.'" Gordon v. State, 780 So.2d 17, 19 (Fla.2001) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). The power to define criminal offenses is relegated to the Legislature. See Hayes, 803 So.2d at 699.
Originally in Florida, the common law "single transaction rule," which limited a conviction to only the most serious offense arising from a single criminal transaction, governed whether multiple convictions could result from the same criminal episode. See id. (citing Borges v. State, 415 So.2d 1265, 1266 (Fla.1982)). In 1976, however, the single transaction rule was legislatively replaced when section 775.021(4) of the Florida Statutes was enacted to read:
(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses during said criminal episode. . . .
Ch. 76-66, § 1, at 115, Laws of Fla.; § 775.021(4), Fla. Stat. (Supp.1976). Nevertheless, it still remained within the province of the Legislature to define criminal offenses. If the Legislature clearly defined two offenses such that within a single event a violation of both could occur, the amendment to section 775.021 dictated that a defendant could be convicted and sentenced for both offenses. If, however, the statutory language with respect to the definition of an offense was ambiguous, the rule of lenity, earlier codified in the original passage of section 775.021, dictated that the ambiguity "be construed most favorably to the accused." § 775.021(1), Fla. Stat. (Supp.1974); see also Carawan v. State, 515 So.2d 161, 168 (Fla.1987) ("[W]e find that Florida's lenity requirement constitutes a rule of construction coequal to the Blockburger test codified in section 775.021(4).").
In 1983, this Court issued its opinion in Getz, which specifically addressed whether convictions for multiple theft offenses stemming from the same criminal episode were authorized by the Legislature, stating:
It is our view that as the theft statute[1] is written, the legislature intended *280 to make theft of a firearm under subsection (2)(b)3 and theft of property worth less than one hundred dollars under subsection (2)(c) separate and distinct offenses, even where the thefts occur in a single criminal episode. It is clear from a reading of section 812.014 that the legislature intended to treat the theft of different types of property as separate criminal offenses and to establish distinct punishments for the separate offenses. We note that if a firearm is stolen, its value is not an element of the offense and it is grand theft even if the firearm is worth less than one hundred dollars.
Getz, 435 So.2d at 791 (emphasis supplied). In Getz, we looked directly to the theft statute to determine whether convictions and sentences for multiple theft offenses arising from one criminal episode are authorized by the Legislature. See id. The Getz decision clearly established that the Legislature intended to distinguish between the theft of the various items enumerated under the theft statute for the purpose of allowing multiple convictions and sentences for each theft that occurs during the course of one criminal transaction. See id.
In 1983,[2] the Florida Legislature again amended section 775.021(4), in an effort to expressly incorporate the test announced by the United States Supreme Court in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), regarding whether offenses are separate under a double jeopardy analysis. The 1983 amendment added the following language:
For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
Ch. 83-156, § 1, at 556, Laws of Fla.; § 775.021(4), Fla. Stat. (1983). The amendment also deleted language from subsection (4) regarding "two or more criminal statutes" and replaced it with a reference to "separate criminal offenses." See ch. 83-156, § 1, at 556, Laws of Fla. In the title of chapter 83-156, the Legislature stated that the amendment was "clarifying the term `separate criminal offenses' for the purpose of requiring a separate sentence for each offense." Therefore, the replacement of "two or more criminal statutes" with "separate criminal offenses" demonstrates that the Legislature had determined that it was possible for multiple offenses to be defined within a single criminal statute. See id.
The 1983 amendment to 775.021(4) enhanced the reasoning in the Getz opinion that different degrees of theft can be "separate criminal offenses" even though defined in the same statute. See Getz, 435 So.2d at 790-91; ch. 83-155, § 1, at 556, Laws of Fla.; § 775.021(4), Fla. Stat. *281 (1983). Similarly, the Blockburger test for separate offenses, which was codified in that amendment, confirmed the determination of this Court in Getz that "the legislature intended to treat the theft of different types of property as separate criminal offenses and to establish distinct punishments for the separate offenses." Getz, 435 So.2d at 791. Under the Blockburger test, thefts of different types of property listed under section 812.014 of the Florida Statutes constitute "separate offenses" because each requires proof of a unique element, the specific property stolen, that the other does not. See § 812.014, Fla. Stat. (2003).
However, essential to an analysis in the instant matter and creating arguable confusion with regard to the Getz holding, the Florida Legislature again amended section 775.021(4) in 1988 to emphasize the preference for the Blockburger analysis over the rule of lenity, and listing exceptions to that general preference, as follows:
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Ch. 88-131, § 7, at 709-10, Laws of Fla.; § 775.021(4)(b), Fla. Stat. (Supp.1988); see also Gordon, 780 So.2d at 24 ("[T]he Legislature amended section 775.021, explicitly enunciating its intent that crimes be separately punished without regard to the rule of lenity. We have noted repeatedly that the Legislature effectively overruled Carawan."). Under the amended statute, the Legislature provided three exceptions to the general rule that offenses which are "separate" under the Blockburger analysis should be separately convicted and sentenced. In the instant matter, Kelso asserts that the second of these exceptions, for "[o]ffenses which are degrees of the same offense as provided by statute," precludes the two theft convictions because third-degree grand theft of a firearm under section 812.014(2)(c)(5) of the Florida Statutes and second-degree grand theft under section 812.014(2)(b)(1) of the Florida Statutes are degrees of the same offense of theft.
This Court has established that
the prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature "intended to authorize separate punishments for the two crimes." Absent a clear statement of legislative intent to authorize separate punishments for two crimes, courts employ the Blockburger test, as codified in section 775.021, to determine whether separate offenses exist.
Gordon v. State, 780 So.2d 17, 19-20 (Fla. 2001) (citations and footnote omitted) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). Therefore, if the theft statute itself is a "clear statement of legislative intent" with regard to whether convictions and sentences for multiple theft offenses can result from a single criminal transaction, then resort to the analysis outlined in section 775.021(4) of the Florida Statutes, as urged by defendant Kelso in the instant matter, is inappropriate.
We today affirm the reasoning of this Court in Getz that section 812.014 of the Florida Statutes constitutes a "clear *282 statement of legislative intent" that convictions and sentences for multiple theft offenses arising from the same criminal episode are permitted. See Getz, 435 So.2d at 791. Section 812.014 is structured so that thefts of the various enumerated properties constitute separate offenses. The Legislature intended these thefts to be separate offenses and to constitute different crimes. The types of property specifically enumerated demonstrate that strong policy concerns motivated the Legislature to single out these theft offenses for separate punishment. See, e.g., § 812.014(2)(c)(5), Fla. Stat. (2003) (theft of a firearm); § 812.014(2)(c)(8), Fla. Stat. (2003) (theft of a fire extinguisher); § 812.014(2)(c)(11), Fla. Stat. (2003) (theft of a stop sign). Specifically with regard to the offense of theft of a firearm under section 812.014(2)(c)(5) of the Florida Statutes, the Legislature clearly had a strong policy concern for singling out the theft of such dangerous instrumentalities that are widely used in the commission of violent crimes. As noted in Getz, "if a firearm is stolen, its value is not an element of the offense and it is grand theft even if the firearm is worth less than one hundred dollars." Getz, 435 So.2d at 791. The same is true for all of the properties which are specifically enumerated in section 812.014. The values of those items of property are irrelevant to the grading of the corresponding theft offense. See § 812.014, Fla. Stat. (2003). Therefore, we conclude that in section 812.014, the Legislature has expressed its clear intent that thefts of the various enumerated properties are to be charged and punished as separate offenses, even when the offenses arise out of the same criminal episode. Therefore, it is unnecessary to look to the rules of construction set out in section 775.021(4), and the assertions of Kelso stemming from the exceptions found in that statutory section must fail.
Although we recognize that the 1988 amendment to section 775.021(4) creates concern because section 812.014 describes the theft of the various enumerated properties in terms of degree, and the exception to the preference for separate convictions and sentences listed in section 775.021(4)(b)(2) is for "offenses which are degrees of the same offense as provided by statute," the assertions of Kelso in the instant matter ultimately fail because section 812.014 offers a clear statement of legislative intent, thereby negating the need to look to the rules of construction found in section 775.021 to determine whether convictions for multiple degrees of theft arising from the same criminal episode are permitted. Accordingly, the convictions and sentences of Kelso in the instant matter for third-degree grand theft of a firearm under section 812.014(2)(c)(5) of the Florida Statutes and second-degree grand theft under section 812.014(2)(b)(1) of the Florida Statutes do not violate double jeopardy principles. We note that this would not be the case if the convictions were for theft of a firearm and theft of the monetary value of that firearm. However, the convictions for theft of a firearm and theft of separate property arising from the same criminal episode are proper under current Florida law.
In construing section 812.014 of the Florida Statutes, we have attempted to ascertain the intent of the Legislature and give independent meaning and effect to the words and structure selected for this legislation. If the interpretation we have afforded this section today is misdirected, we are confident our Legislature will review the pertinent legislation and take any action it deems appropriate.

CONCLUSION
We hold that the opinion of this Court in Getz remains the controlling law following *283 the 1988 amendment to section 775.021 because section 812.014 constitutes a clear expression of legislative intent that thefts of the various enumerated properties under the statute be punished separately, even when the offenses arise from the same criminal episode. Therefore, the multiple theft convictions in the instant matter are permitted under Florida law and do not violate double jeopardy principles. Accordingly, we approve the decision of the Fourth District below and disapprove the decisions of the district courts in Wilson, Scarola, and Thompson, to the extent that they conflict with this decision.
It is so ordered.
WELLS, PARIENTE, CANTERO, and BELL, JJ., concur.
PARIENTE, J., concurs with an opinion, in which, WELLS, J., concurs.
QUINCE, J., concurs in result only.
ANSTEAD, J., dissents.
PARIENTE, J., concurring.
I concur with the majority because the Court decided this issue in State v. Getz, 435 So.2d 789 (Fla.1983). I write to elaborate on the majority's explanation as to why section 775.021(4)(b), Florida Statutes (2006), has no effect on the holding in Getz or this case.
In Getz, the Court held that theft of a firearm and theft of other property valued at a certain dollar threshold are
separate and distinct offenses, even where the thefts occur in a single criminal episode. It is clear from a reading of section 812.014 that the legislature intended to treat the theft of different types of property as separate criminal offenses and to establish distinct punishments for the separate offenses.
Id. at 791. The clarity of intent in the theft statute distinguishes Getz from Carawan v. State, 515 So.2d 161 (Fla.1987), in which the Court found "no evidence that the legislature intended multiple punishments" for attempted manslaughter and aggravated battery because both "address essentially the same evil." Id. at 170.
In Carawan, the Court held that "absent a violation of constitutional right, specific, clear and precise statements of legislative intent control regarding intended penalties. Only where no clear intent exists does any other rule of construction come into play." Id. at 165. The Court noted that specifically, the "same elements" test of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), codified in section 775.021(4), and the "rule of lenity" contained in section 775.021(1), become relevant only when legislative intent is otherwise unclear. Carawan, 515 So.2d at 167-68. Finding no clear legislative intent to authorize multiple punishments, the Court in Carawan applied both the Blockburger test and, to greater effect, the rule of lenity, and concluded that multiple punishments were not authorized. Id. at 170-71.
Responding to Carawan, the Legislature narrowed the circumstances in which the rule of lenity could be used to determine legislative intent to authorize multiple convictions and sentences:
The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.

*284 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Ch. 88-131, § 7, at 709-10, Laws of Fla. (codified at § 775.021(4)(b)).
As the majority notes, this Court has repeatedly held that section 775.021(4)(b) overruled Carawan. It did so by limiting the use of the rule of lenity, which is available in the first place only where legislative intent is unclear, to the three scenarios specified in the provision. If legislative intent to authorize multiple punishments is clear, the rule of lenity does not apply regardless of whether the convictions meet the criteria of the three exceptions in subsection (4)(b).
Under Getz, legislative intent to authorize separate convictions for theft of a firearm and theft of other property valued at a specific statutory threshold is clear. Thus, even if we were to conclude that grand theft of a firearm and grand theft of property valued at $20,000 or more "are degrees of the same offense as provided by statute" within the meaning of section 75.021(4)(b)(2), we would have no occasion to resort to the rule of lenity in section 775.021(1) and no basis to conclude that multiple convictions constitute double jeopardy.
WELLS, J., concurs.
NOTES
[1] The Getz opinion analyzed the 1979 version of section 812.014 of the Florida Statutes. Under that version of the statute, theft of a firearm was listed under subsection (2)(b)(3) and was characterized as "grand theft of the second degree," and subsection (2)(c) addressed petit theft. See § 812.014, Fla. Stat. (1979). Under the 2003 version of section 812.014, which was applied to Kelso in the instant matter, theft of a firearm is listed under subsection (2)(c)(5) and is characterized as "grand theft of the third degree," and petit theft is addressed by subsection (3)(a). See § 812.014, Fla. Stat. (2003). Despite the renumbering and the reclassification of certain offenses in terms of degree, as illustrated above, section 812.014 has not been amended in any way that affects the analysis of the statute outlined by the Court in Getz.
[2] Although the Getz opinion was released in July of 1983, subsequent to the effective date of the 1983 amendment to section 775.021(4), the opinion clearly cites to and relies on the 1979 version of the statutory subsection. See Getz, 435 So.2d at 790. Therefore, we analyze the 1983 amendment and its possible impact on the reasoning in Getz subsequent to our discussion of the Getz decision.