994 So.2d 493 (2008)
Steven SENELUS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-306.
District Court of Appeal of Florida, Third District.
November 12, 2008.
*494 Bennett H. Brummer, Public Defender, Harvey J. Sepler, and Colleen Brady Ward, Assistant Public Defenders, and Kimberly Freedman, Certified Legal Intern, for appellant.
Bill McCollum, Attorney General, and Natalia Costea, Assistant Attorney General, for appellee.
Before WELLS, SHEPHERD, and ROTHENBERG, JJ.
WELLS, Judge.
Steve Senelus appeals from dual convictions for grand theft of a truck and trailer and robbery for taking the contents of a briefcase that was inside the truck. We agree that these dual convictions constitute a double jeopardy violation. See Sirmons v. State, 634 So.2d 153, 154 (Fla. 1994) (finding that convictions for grand theft and robbery which arose from a single taking of an automobile at knifepoint violate double jeopardy because "these offenses are merely degree variants of the core offense of theft"); Beaudry v. State, 809 So.2d 83, 84 (Fla. 5th DCA 2002) (relying upon Sirmons, holding that convictions for grand theft of a car and grand theft of computer equipment that was inside it constituted a double jeopardy violation); see also Gorday v. State, 907 So.2d 640, 645 (Fla. 3d DCA 2005) (finding convictions for robbery of a purse and theft of a credit card inside the purse to be a double jeopardy violation); Ford v. State, 849 So.2d 477, 478 (Fla. 4th DCA 2003) (holding that dual convictions for grand theft of a vehicle and grand theft of the construction equipment inside the vehicle constituted a double jeopardy violation).
We therefore vacate the grand theft conviction and, finding no merit in the remainder of Senelus' arguments, affirm the robbery conviction and remand for resentencing. See Olivard v. State, 831 So.2d 823, 824 (Fla. 4th DCA 2002) (stating the proper remedy for a double jeopardy violation is to vacate the conviction for the lesser offense and affirm the conviction for the greater offense).
Affirmed in part, reversed in part, and remanded for resentencing.