IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TYRONE RANDY JOHNSON,
JR.,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellant,

CASE NO. 1D16-5350

v.

STATE OF FLORIDA,

Appellee.

_____/

Opinion filed October 6, 2017.

An appeal from the Circuit Court for Alachua County.
James M. Colaw, Judge.

Andy Thomas, Public Defender, and M. J. Lord, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General of the Office of the Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Appellant, Tyrone Johnson, Jr., appeals his judgment and sentence on multiple grounds. Of his claims, we address only the trial court's denial of his motions for judgment of acquittal regarding the charges for grand theft auto and theft of property. On these issues, we agree with Johnson, and reverse and remand with

instructions to vacate those convictions. The conviction for acting as bail bond agent with suspended or revoked license is affirmed.

Johnson's convictions stem from his work as a bail bond agent. Johnson's bail bond license was revoked in 2012, so he worked alongside another agent to provide bond premium financing for prospective clients. In April 2014, Johnson's agency assisted Felicia Sledge with a bond for her daughter. Ms. Sledge financed a portion of the bond premium, securing the loan with the title to her vehicle. After several delinquent payments and multiple unsuccessful attempts to secure payment, Johnson and a co-worker went to re-possess Ms. Sledge's vehicle. Johnson and his co-worker informed police re-possession of the vehicle occurred as a result of non-payment of a loan. At the time of re-possession, Ms. Sledge had several personal belongings in the car. She called police to report that her car, and the contents therein, had been stolen.

Johnson was eventually arrested and charged with three crimes, including grand theft auto and theft of property. Johnson's trial counsel moved for judgment of acquittal on all charges, arguing a lack of intent for the grand theft auto charge and a double jeopardy violation as to the theft of property charge. The motions were denied.

*Grand Theft Auto*

The standard of review of the denial of a motion for judgment of acquittal is de novo. Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002). "A motion for judgment of acquittal pertains to the legal sufficiency of the state's evidence." State v. Rivera, 719 So. 2d 335, 337 (Fla. 1st DCA 1998). "[I]n moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the state that the trier of fact might fairly infer from the evidence." Rasley v. State, 878 So. 2d 473, 476 (Fla. 1st DCA 2004).

Johnson argues the trial court erred in denying his motion for judgment of acquittal regarding the charge for theft of a vehicle, as the State failed to satisfy the required element of intent. Specific intent is an essential element of the crime of theft. Redding v. State, 666 So. 2d 921, 922 (Fla. 1st DCA 1995). "A person who takes possession in the good faith belief that he or she has a right to the property lacks the requisite intent to commit theft." Bartlett v. State, 765 So. 2d 799, 799 (Fla. 1st DCA 2000). The specific intent to commit a theft must be present at the time of the taking. Adams v. State, 443 So. 2d 1003, 1006 (Fla. 2d DCA 1983). "Where it clearly appears that the taking of property was consistent with honest conduct, as where the taker honestly believes that he or she has a right to property, the taker cannot be convicted of theft, even though the taker may have been mistaken." Rodriguez v. State, 396 So. 2d 798, 799 (Fla. 3d DCA 1981). A criminal

3

defendant's good faith belief that he is entitled to take possession of property is a complete defense to theft crimes. Id. "Moreover, when a 'taking was in the open, with no subsequent attempt to conceal it, and there was no concealment nor denial of such taking, but on the other hand, an express avowal thereof,' a strong presumption arises that the defendant had no felonious intent." Ginn v. State, 26 So. 3d 706, 712 (Fla. 2d DCA 2010)(quoting Maddox v. State, 38 So. 2d 58, 59 (Fla. 1948)).

In the present case, Johnson re-possessed the vehicle in broad daylight and contacted police to report the intended re-possession as a result of non-payment of a loan. The trial court improperly relied on: 1) a statement made by Johnson to an officer days after the taking, in which he said he would not return the car, even if Ms. Sledge were to pay the past due amount; and 2) on testimony that there was a "gift" notation on the car's title, as well as Johnson's signature, which could indicate Appellant's intent to take the vehicle. Reliance on these statements was error due to the requirement that a defendant possess the intent at the time of the taking. The evidence presented regarding Johnson's intent at the time of taking supports only a conclusion that he re-possessed the car as collateral for the unpaid loan. Accordingly, the State failed to prove that Johnson possessed the requisite intent at the time of the re-possession to support a prima facie case for grand theft auto.

*Theft of Property*

The Double Jeopardy Clause of the Florida Constitution provides that "[n]o person shall be . . . twice put in jeopardy for the same offense." Art. I, § 9, Fla. Const. "A separate crime occurs only when there are separate and distinct acts of seizing the property of another." Moore v. State, 904 So. 2d 647, 648 (Fla. 4th DCA 2005) (quoting Johnson v. State, 597 So. 2d 798, 799 (Fla. 1992)). "A determination of whether double jeopardy is violated based on undisputed facts is a legal determination; thus, this Court's review is de novo." State v. Drawdy, 136 So. 3d 1209, 1213 (Fla. 2014). The Florida Supreme Court has established a rule for analyzing double jeopardy issues where the defendant is accused of taking a single victim's property:

> [C]ourts should look to whether there was a separation of time, place, or circumstances between the initial armed robbery and the subsequent grand theft, as those factors are objective criteria utilized to determine whether there are distinct and independent criminal acts or whether there is one continuous criminal act with a single criminal intent.

Hayes v. State, 803 So. 2d 695, 704 (Fla. 2001).

Florida courts have continuously held that dual convictions for grand theft auto and theft of property within the vehicle at the time of the taking violate double jeopardy principles. See Senelus v. State, 994 So. 2d 493 (Fla. 3d DCA 2008); Holmes v. State, 923 So. 2d 557 (Fla. 1st DCA 2006); Ford v. State, 849 So.

5

2d 477 (Fla. 4th DCA 2003); <u>Mixson v. State</u>, 857 So. 2d 362 (Fla. 1st DCA 2003); <u>Beaudry v. State</u>, 809 So. 2d 83 (Fla. 5th DCA 2002); <u>Sirmons v. State</u>, 634 So. 2d 153 (Fla. 1994).

When the subject re-possession occurred, personal items were in the car, inclusive of a heart monitor. In response to Johnson's argument that the charges of grand theft auto and grand theft of property (later reduced to petit theft) violate double jeopardy, the State asserts the "taking" of the personal property occurred three days after the vehicle repossession when Johnson did not allow Ms. Sledge to collect it.  In essence, although the personal belongings were inside the vehicle when re-possessed, Johnson's failure to return the belongings to the owner of the car after re-possession constitutes a separate and distinct crime not flowing from the same criminal episode. We cannot agree. There must be sufficient separation in time, place, and circumstance between the two alleged theft offenses to avoid a double jeopardy problem.  <u>Hayes</u>, 803 So. 2d at 705; <u>Mixson</u>, 857 So. 2d at 365. Here, there is no such separation, as one taking of the vehicle and its contents occurred. As in <u>Mixson</u>, the present case will only support a conclusion of one continuous criminal act with a single criminal intent. <u>See</u> <u>Beaudry</u>, 809 So. 2d at 84 (holding conviction for grand theft of motor vehicle and grand theft violated double jeopardy as there was no separation when the car contained computer equipment); <u>Ford</u>, 849

6

So. 2d at 478 (holding charges violated double jeopardy when construction equipment already in car at time of theft).

REVERSED and REMANDED with instructions to vacate the convictions for grand theft auto and theft of property, and to resentence Appellant accordingly.

WETHERELL, OSTERHAUS, and M.K. THOMAS, JJ., CONCUR.