# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-401
_____

LAUREN EILEEN CARR,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Russell Healey, Judge.

May 2, 2019


PER CURIAM.

A jury convicted Lauren Carr of organized fraud, and the court sentenced her to twelve years in prison. The evidence at trial showed that Carr owned a company that serviced several large homeowners' associations and that Carr defrauded the company's HOA clients, taking hundreds of thousands of dollars. On appeal, Carr argues that the trial court erred in giving one jury instruction and in refusing to give another. We review trial court's decisions on jury instructions only for an abuse of discretion, *Kervin v. State*, 195 So. 3d 1181, 1182 (Fla. 1st DCA 2016), and we find none here.

First, Carr contends that the court was obligated to give a good-faith jury instruction. She proposed an instruction that said "it is a defense to the charge of theft if defendant has an honest,

good faith belief that [she] had the right to possess" the victim's property. *See* Fla. Std. Jury Instr. 14.1 (marks omitted; punctuation altered). The court refused to give the instruction, finding the evidence did not support it. Carr now argues that there was evidence that she relied in good faith on an accountant's advice—specifically, that she could remove profits and other monies from her company's account. "The general rule is that a criminal defendant is entitled, upon request and by law, to a jury instruction on the law pertaining to the theory of defense if *any* evidence supports the theory, irrespective of how weak this evidence is." *Barnes v. State*, 108 So. 3d 700, 702 (Fla. 1st DCA 2013). We conclude, as did the trial court, that no evidence supported the defense. The fraud alleged and proven took place *before* Carr removed the money from her company's account. And Carr's defense as to how other people's money wound up in her company's account was that someone else put it there. *See* Init. Br. at 15 ("Under the defense theory, someone else transferred or diverted the HOAs' funds to [Carr's company]."). Thus, there was no abuse of discretion in refusing the instruction.

Moreover, the jury convicted Carr of organized fraud, not the lesser included offense of theft. Good faith can be a defense to theft, *see Johnson v. State*, 228 So. 3d 1164, 1167 (Fla. 1st DCA 2017), but the jury found Carr guilty of organized fraud, which means the jury necessarily found Carr engaged in a course of conduct with the "(a) intent to defraud, or (b) intent to obtain property by false or fraudulent pretenses." *See Pizzo v. State*, 945 So. 2d 1203, 1207 (Fla. 2006) (enumerating elements necessary to prove violation of § 817.034(4)(a)). Therefore, the good-faith defense as to theft would have made no difference. *See Knight v. State*, 43 Fla. L. Weekly D404, -- So. 3d. -- (Fla. 1st DCA Feb. 19, 2018) (noting that "failure to give a requested instruction on a necessarily lesser-included offense is harmless 'because the defendant is not entitled to an opportunity for a jury pardon'" (quoting Dean v. State, 230 So. 3d 420, 426 (Fla. 2017) (Polston, J., concurring)).

Second, Carr contends that the court erred in giving a willful-blindness instruction. The court instructed the jury that "[i]n some cases, the issue to be determined is whether the defendant had knowledge of a certain fact. Florida Law recognizes a concept known as willful blindness, which is sometimes referred to as

'deliberate avoidance of positive knowledge.'" The court further instructed that someone "who engages in willful blindness is deemed to have knowledge of that fact." Carr correctly argues that a conviction for organized fraud requires more than knowledge; it requires a showing of participation in a scheme with actual intent to defraud. *See Pizzo*, 945 So. 2d at 1207. But Carr makes no argument as to why the willful-blindness instruction would not have been applicable to the lesser-included offense of theft—an offense that includes a knowledge element but no element of fraudulent intent. *See id.* at 1207 (citing *Donovan v. State*, 572 So. 2d 522, 526 (Fla. 5th DCA 1990)). We find no abuse of discretion in the court's giving the instruction.

AFFIRMED.

LEWIS, WINSOR, and M.K. THOMAS, JJ., concur.

―――――――――――――

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

―――――――――――――

Andy Thomas, Public Defender, and Kathryn Lane, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Tabitha Herrera, Assistant Attorney General, Tallahassee, for Appellee.