# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 6D23-653
Lower Tribunal No. CF22-000481-XX

———————————————

DANIEL ARROYO,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

Appeal from the Circuit Court for Polk County.
Sharon M. Franklin, Judge.

February 16, 2024

PER CURIAM.

Daniel Arroyo challenges his judgment and sentences for several counts of burglary and grand theft.[1] Arroyo argues, and the State appropriately concedes, that his conviction for grand theft of a firearm should be reversed based on double jeopardy in light of his separate conviction for grand theft of a motor vehicle.[2] At

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

[2] Although this issue was not raised below, a violation of double jeopardy constitutes fundamental error that may be raised for the first time on appeal. *Rubio v. State*, 233 So. 3d 482, 483 (Fla. 2d DCA 2017).

trial, the victim testified that the center console of the truck where his gun was stored had been rummaged through, but the gun had not been removed. Thus, as the State acknowledges, there was no geographic or temporal separation between the taking of the truck and the taking of the gun. *See Johnson v. State*, 597 So. 2d 798, 799 (Fla. 1992) ("A separate crime occurs only when there are separate distinct acts of seizing the property of another."); *Rudolf v. State*, 851 So. 2d 839, 842 (Fla. 2d DCA 2003) ("The State is precluded by double jeopardy principles from obtaining convictions on both grand theft of a motor vehicle and grand theft of the contents when 'there is one act of taking (of the car and its contents) with no geographic or temporal separation between two acts of taking.'" (quoting *Beaudry v. State*, 809 So. 2d 83, 84 (Fla. 5th DCA 2002))). Accordingly, Arroyo's conviction for grand theft of a firearm must be vacated.[3]

AFFIRMED in part; REVERSED in part; and REMANDED.

STARGEL, NARDELLA and WHITE, JJ., concur.


Howard L. "Rex" Dimmig, II, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and J. Wade Stidham, Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED

---

[3] We affirm the remainder of Arroyo's convictions without further comment.